**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **C O M P L A I N T** |
| **v.** | ) | |
| | ) | |
| **United Parcel Service, Inc.,** | ) | |
| | ) | |
| **Defendant** | ) | **JURY TRIAL DEMAND** |
| _____ | ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that United Parcel Service, Inc. ("UPS") terminated the employment of Trudi Momsen because of her disability rather than accommodating her by extending her leave, and, further, discriminated against a class of individuals with disabilities (including but not limited to Trudi Momsen) by maintaining an inflexible 12-month leave policy which did not provide for reasonable accommodation and which instead provided for termination of employment, all in violation of the ADA.

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-6.

2.    The employment practices alleged to be unlawful were committed within the State of Illinois and elsewhere where UPS does business in the United States.

## PARTIES

3.    Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, UPS was doing business in the State of Illinois and had at least 15 employees.

5.    At all relevant times, UPS was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, UPS was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Trudi Momsen filed a Charge of Discrimination with the EEOC alleging violations of Title I of the ADA by UPS. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     In 2007, UPS terminated the employment of Trudi Momsen, an employee suffering from multiple sclerosis, rather than accommodating her by extending her leave or by returning her to work in an available position which she could have performed, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§

12112(a) and 12112(b)(3)(A) and (b)(5)(A).

9.      The effect of the practices complained of in paragraph 8 above has been to deprive Trudi Momsen of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Trudi Momsen.

12.     Since at least 2002, UPS has maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A).

13.     The effect of the practices complained of in paragraph 12 above has been to deprive a class of disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

14.     The unlawful employment practices complained of in paragraph 12 above were intentional.

15.     The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of a class of disabled employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining UPS, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability;

B.      Order UPS to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of UPS;

C.      Order Defendant to make whole Trudi Momsen by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.      Order Defendant to make whole Trudi Momsen by providing compensation for past and future pecuniary losses resulting from her unlawful termination, including, but not limited to, job search expenses;

E.      Order UPS to make whole Trudi Momsen by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.      Order UPS to pay Trudi Momsen punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in an amount to be determined at trial;

G.      Order Defendant to make whole a class of disabled individuals by providing them appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

H.   Order Defendant to make whole a class of disabled individuals by providing them

4

compensation for past and future pecuniary losses resulting from their unlawful termination, including, but not limited to, job search expenses;

      I.      Order UPS to make whole a class of disabled individuals by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

      J.      Order UPS to pay a class of disabled individuals punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in an amount to be determined at trial;

      K.      Grant such further relief as the Court deems necessary and proper in the public interest; and

      L.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

/s/ Jeanne B. Szromba
Jeanne B. Szromba
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-353-7546
jeanne.szromba@eeoc.gov