IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-plaintiff, | ) ) ) ) | No. 09 CV 5291 |
| v. | ) ) | Judge Robert Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

## UPS'S MOTION TO DISMISS

Defendant United Parcel Service, Inc. ("UPS") moves this Court to dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC") Complaint and Plaintiff-intervenor Trudi Momsen's ("Momsen") Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of this motion, UPS states as follows:

1. Absent and unable to work for twelve months, Trudi Momsen was administratively separated by Defendant United Parcel Service ("UPS") pursuant to a policy calling for such administrative separation once an employee failed to report to work for twelve (12) months.

2. EEOC takes offense to Momsen's termination and this policy, contending that UPS should have offered Ms. Momsen a reasonable accommodation such as additional time off. This contention - that UPS had a duty to reasonably accommodate an employee who had been absent from work for twelve months - is the entire foundation of the EEOC's lawsuit alleging that UPS has violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and its attempt to allege the claim as a nationwide class action.

QB\9069603.1

3.      EEOC filed its Complaint on August 27, 2009.  Momsen was granted leave to intervene on October 19, 2009 and filed a virtually identical complaint, with the primary difference being that Momsen is only pursuing her individual claim.

4.      The ADA claim pled by the EEOC and Momsen is deficient on its face because Momsen and each proposed class member all suffer from the same fatal flaw:  each was absent and unable to work for 12 months at the time of their administrative separation.  Seventh Circuit precedent is clear that extended absences of even shorter duration than 12 months removes such individuals from the protections of the ADA.  More specifically, neither Momsen nor any proposed class member can be considered a qualified individual with a disability because they had been absent from work for 12 months at the time of their separation.  As such, they are not protected by the ADA, and their claims should be dismissed.

5.      Alternatively, the class claim should be dismissed because EEOC has not pled a single fact to justify extending this flawed lawsuit to even one individual beyond Momsen, let alone to an entire class of individuals.  The pleading of such a large, nationwide class claim without any factual support violates the *Bell Atlantic v. Twombly* minimum pleading requirements.  This defect is especially glaring considering that the class claim is directly contrary to Seventh Circuit precedent holding that a multi-month absence removes the individual from the protections of the ADA.  Consequently, the class claims should be dismissed.

6.      UPS submits herewith its memorandum of law in support of the motion.

- 3 -

WHEREFORE, UPS requests that this Court dismiss the EEOC's and Momsen's complaints pursuant to Fed.R.Civ.P. Rule 12(b)(6) and award UPS its costs, including attorneys' fees, incurred in moving for dismissal.

>Respectfully submitted,
>
>UNITED PARCEL SERVICE, INC.
>
>
>By: /s/ Gary R. Clark
>      One of Its Attorneys

John A. Klages, ARDC #06196781
Gary R. Clark, ARDC #06271092
Ellen M. Girard, ARDC #06276507
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL   60654
(312) 715-5000
(312) 715-5155 (fax)
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that a copy of the foregoing **UPS's Motion to Dismiss** was filed electronically using the Court's CM/ECF system on October 26, 2009. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the e-mail addresses indicated below. Parties may access this filing through the Court's system:

    John C. Hendrickson
    Diane I. Samson
    Jeanne B. Szromba
    Equal Employment Opportunity Commission
    500 W. Madison St., Suite 2000
    Chicago, IL 60661
    John.hendrickson@eeoc.gov
    Diane.smason@eeoc.gov
    Jeanne.szromba@eeoc.gov

    David Hemenway
    Law Office of David Hemenway, P.C.
    300 S. Wacker Drive, Ste. 1700B
    Chicago, Illinois 60606
    employmentlaw@mac.com


                                          s/Gary R. Clark