IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-plaintiff, | ) ) ) ) | No. 09 CV 5291 |
| v. | ) ) | Judge Robert Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF UPS'S MOTION TO DISMISS

Absent and unable to work for twelve months, Trudi Momsen ("Momsen") was administratively cleared by Defendant United Parcel Service ("UPS") pursuant to a policy calling for such administrative separation once an employee failed to report to work for twelve (12) months. Plaintiff Equal Employment Opportunity Commission ("EEOC") takes offense to Momsen's termination and this policy, contending that UPS should have offered Ms. Momsen a reasonable accommodation such as *additional* time off. This contention - that UPS had a duty to reasonably accommodate an employee who had been absent from work for 12 months - is the entire foundation of the EEOC's lawsuit alleging that UPS has violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and its attempt to allege the claim as a nationwide class action.

This foundation, however, cannot support such a large-scale class claim, let alone Ms. Momsen's individual ADA claim. The ADA and Seventh Circuit law are clear that individuals like Ms. Momsen, who are unable to regularly report for work, are not considered qualified individuals with a disability and, thus, are not entitled to a reasonable accommodation or protection under the ADA. Indeed, there is absolutely no support for the core finding the EEOC

needs for this ADA claim: that someone absent from work for 12 months is a qualified individual with a disability and entitled to protection under the ADA. As such, EEOC's claim is not plausible on the face of the Complaint and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Even more troubling is that the EEOC has pled Ms. Momsen's very flawed ADA claim as a nationwide class action involving potentially hundreds of employees administratively cleared pursuant to the same twelve month policy - ***but has failed to allege even one fact in support of extending Ms. Momsen's claim to anyone besides Ms. Momsen***. While suspension of disbelief in the context of Rule 11's allowance for zealous advocacy might permit the EEOC to argue some fact unique to Ms. Momsen removes her from the general rule on extended absences, it is simply unfathomable to try this same argument on behalf of hundreds of employees nationwide. Moreover, the failure to allege even one fact to support such a large, nationwide class claim with such an implausible foundation is utterly incompatible with the minimum pleading requirements found in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

## BACKGROUND

Trudi Momsen, the only individual identified by the EEOC in the Complaint, was an administrative employee for UPS. Ms. Momsen was administratively separated on March 6, 2007 pursuant to a UPS policy requiring the separation of employees who have failed to return to work for twelve months.

Like any employer, UPS has a high number of employees who simply stop reporting to work or who, for various reasons, are unable to return for extended periods of time. In many of these instances, an employee's inability to return extends well beyond the 12 weeks of Family and Medical Leave Act leave provided by UPS. Rather than simply doing the minimum required

by the law, *UPS keeps the individual's position open and allows them to continue their benefits uninterrupted for twelve month*s with the goal of eventually returning the employee to his or her job. However, when an employee has been unable to return to work for twelve months, UPS administratively clears the employee, which involves separating the employee, ending their benefits and filling their position.[1]

Despite the generosity of this policy, EEOC alleges that UPS violated the ADA with regard to Momsen because it terminated her employment rather than extend her leave (beyond the 12 months already provided) or place her in a different position. (Complaint, ¶ 8).[2] While Momsen is the only individual for whom EEOC pleads any facts, the Complaint purports to also challenge the 12 month policy on behalf of an unidentified class. Nowhere in the Complaint, however, are there any facts pled to support such an drastic expansion of the claim beyond Momsen. Nor are there any facts pled to support the conclusion that anyone in the proposed class is a qualified individual with a disability after missing twelve months of work.

## ARGUMENT

### I. A Twelve Month Absence Prevents Momsen and the Proposed Class From Being Qualified Individuals with a Disability.

The gist of the EEOC's claim is that UPS violated the ADA when it terminated Momsen at the 12 month mark rather than accommodate her by extending her leave or placing her in some other unidentified job. This same formulaic conclusion is pled for the unidentified class

---

[1] UPS's 12 month policy is found in its Flex Benefits Plan. The policy allows for the continuation of benefits and holding a position open for a maximum of 12 months. To effectively return to work and stop the 12 month clock, an employee must return to work for thirty days. Thus, an employee cannot take nine months off, return to work for seven days and then receive a new 12 month extension of benefits. Rather, that individual's 12 months will continue to run from its original commencement.

[2] On October 19, 2009, Momsen was granted leave to intervene in this lawsuit and filed a complaint that is identical to the EEOC's Complaint, with the exception that EEOC wants to proceed on a class basis while Momsen asserts her individual claim. Since the two complaints are almost identical, UPS will cite to and reference the EEOC's Complaint for the sake of simplicity. UPS's motion to dismiss arguments in Section I apply equally to Momsen's individual claim and the EEOC's proposed claim.

members for whom EEOC also wants to seek relief. Thus, the very nature of the policy attacked by EEOC results in one immutable fact that is true for Momsen and anyone else administratively separated under this policy: they all were unable to work for 12 months before being administratively cleared. As the ability to report to work without excessive absences is an essential function of any job, the EEOC's claim is entirely implausible on the face of the Complaint. Nor is the notion that such a person should be given *additional time off* as a reasonable accommodation in line with Seventh Circuit precedent. The end result is that EEOC has pled a claim on which it cannot prevail in that no person affected by this policy can be a qualified individual with a disability.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has held that this requires pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. The Seventh Circuit has followed *Bell Atlantic* by holding that a complaint must plead sufficient facts and detail to: (i) give the defendant fair notice of what the claim is and the grounds upon which it rests; and (ii) to state a claim for relief that rises above the speculative level and is plausible on its face. *Equal Employment Opportunity Commission v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The amount and types of facts necessary to satisfy this requirement will vary from case to case, but "[a] complaint must always, however, allege enough facts to state a claim to relief that is plausible on its face, and how many facts are enough will depend on the type of case." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

### A. The ADA Only Prohibits Discrimination Against Qualified Individuals with a Disability.

Contrary to *Bell Atlantic*, EEOC has pled a claim that is not plausible on the face of the Complaint. The Americans with Disabilities Act prohibits discriminating against qualified individuals with a disability on the basis of their disability. 42 U.S.C. §12112(a). Discrimination includes the failure to make reasonable accommodation for such disabilities. 42 U.S.C. §12112(b)(5)(A). Unlike Title VII or other laws that prohibit discrimination against any *individual*, the ADA only prohibits discrimination against qualified individuals with a disability. This distinction is not insignificant in that an employer can willfully refuse to make reasonable accommodation for someone who is not a qualified individual with a disability without violating the ADA, but must make such accommodation for someone who is a qualified individual with a disability. *See Nowak v. St. Rita High School*, 142 F.3d 999, 1002 (7th Cir. 1998) ("[T]he ADA's proscription against employment discrimination protects only the class of persons who are qualified individuals with a disability."); *Weigel v. Target Stores*, 122 F.3d 461, 465 (7th Cir. 1997) (ADA claim requires proof of membership in protected class - proof that employee is a qualified individual with a disability); *Hamm v. Exxon Mobil Corp.*, 223 Fed. Appx. 506, 508 (7th Cir. 2007) ("The employment provisions of the ADA only protect qualified individuals.").

As a result, the determination of whether the plaintiff is a qualified individual with a disability is a crucial first step in determining whether a violation of the ADA has occurred. To meet this requirement, it is a plaintiff's burden to prove that he can: (i) satisfy the requisite skill, experience, education and other job-related requirements of the employment position he holds or desires, and (ii) perform the essential functions of such position, with or without accommodation. *Basith v. Cook County,* 241 F.3d 919, 927 (7th Cir. 2001); 29 C.F.R. §1630.2(m). This two-part inquiry must be made as of the time of the employment decision. *Byrne v. Avon Products, Inc.*,

328 F.3d 379, 381 (7th Cir. 2003) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996)).[3]

### B. Momsen and the Class Are Not Qualified Individuals with Disabilities Due to their Twelve Month Absences.

It is at this fundamental first step where the EEOC's ADA claim is visibly deficient on the face of the Complaint. Specifically, EEOC has expressly pled that Momsen was absent from work for 12 months at the time of her administrative separation. And since UPS's 12 month policy does not apply to anyone who has not been absent from work for 12 months, this fact holds true for the proposed class as well. This leaves the EEOC with the impossible task of proving that someone who has been unable to report for work for 12 months is a qualified individual with a disability, someone capable of performing the essential functions of their job. For this to be true, the EEOC would have this Court and employers everywhere believe that actual attendance at work is not an essential function of the job, that the ADA requires employers to employ - and hold open positions for - individuals who are absent from work for one, two or three years at a time, without any promise of return.[4]

In addition to contradicting commonsense, this position is contrary to Seventh Circuit law. The Seventh Circuit has repeatedly reinforced the common-sense notion that "if one is not able to be at work, one cannot be a qualified individual." *Byrne,* 328 F.3d at 381; *see also*

---

[3] As Trudi Momsen was administratively cleared in March 2007, the pre-amendment ADA governs her claim. *See Kiewewetter v. Caterpiller Inc.*, 295 Fed. App'x. 850, 851 (7th Cir. 2008) (the ADA amendments are not retroactive and do not apply to conduct that occurred before January 1, 2009). The amendments make little difference to the analysis, however, since they did not change the plain language of the ADA's requirement that a qualified individual with a disability is someone who is capable of performing the essential functions of his job, with or without reasonable accommodation.

[4] EEOC has not pled that the 12 month policy is a *per se* violation of the ADA. Nor could it since UPS's policy does not differentiate between the disabled and non-disabled. *See Gantt v. Wilson Sporting Goods Co.,* 143 F.3d 1042, 1045-46 (6th Cir. 1998) (employer's policy of administratively clearing all employees who failed to return to work after 12 months off did not violate the ADA because it did not distinguish between disabled and non-disabled employees); *EEOC v. Beall Concrete Enterprises, Inc.,* 2008 WL 877769, at *7 (N.D. Tex. 2008) (reaching same result with regard to similar 12 month policy and noting there was no evidence of inconsistent application of the policy by the employer).

*Nowak*, 142 F.3d at 1003 ("Obviously, an employee who does not come to work cannot perform the essential functions of his job"); *Waggoner v. Olin Corp.*, 169 F.3d 481, 484-85 (7th Cir. 1999) ("Except in the unusual case where an employee can effectively perform all work-related duties at home, an employee who does not come to work cannot perform *any* of his job functions, essential or otherwise.").

Based on this premise, the Seventh Circuit has uniformly held that employees on multi-month leaves of absences are not qualified individuals with a disability. Thus, in *Byrne v. Avon Products*, the Seventh Circuit held that an employee who had missed two months of work was not a qualified individual with a disability because the "***[i]nability to work for a multi-month period removes a person from the class protected by the ADA***." *Byrne*, 328 F.3d at 380-81 (emphasis supplied); *see also Hamm*, 223 Fed. Appx. at 508 (affirming that a multi-month leave of absence removes an individual from the protections of the ADA). The Seventh Circuit has reached this same conclusion in all cases addressing this issue, whether the absence was two months, a year or longer. *See Hamm*, 223 Fed. Appx. at 508 (employee was not a qualified individual with a disability after working only five days over prior 33 months); *Perkins v. Ameritech Corp.*, 161 Fed. Appx. 578, 581 (7th Cir. 2005) (not a qualified individual with disability because of multi-month medical leave of absence); *Oestringer v. Dillard Store Services, Inc.*, 92 Fed. Appx. 339, 341-42 (7th Cir. 2004) (employee was not a qualified individual at time of termination because she had missed six weeks of work on a medical leave that had no definite end-point); *Amadio v. Ford Motor Co.*, 238 F.3d 919, 928 (7th Cir. 2001) (in case where employee had 18 months in medical leaves over prior three years, court held he was not a qualified individual with a disability because, "When an employee is unable to perform the essential function of attending his employment, few, if any, reasonable accommodations exist.");

*Nowak*, 142 F.3d at 1003-04 (teacher with 18 month medical leave of absence was not a qualified individual); *Waggoner,* 169 F.3d at 485 (employee missing 5-½ months of work and showing up late or not at all for 40 days in a 14-month period was not a qualified individual); *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 928 (7th Cir. 1998).[5]

The EEOC's claim also contradicts Seventh Circuit law by suggesting a reasonable accommodation for Momsen and others would have been to give them *additional* time off. The Seventh Circuit has previously rejected such a notion as an attempt to "turn the ADA on its head." *Waggoner*, 169 F.3d at 484. As the Seventh Circuit recognized in *Waggoner*:

> It is as if [plaintiff] thinks that rather than ensuring that she be allowed to work the ADA requires [defendant] to provide her with a job but not require that she regularly perform it. Rather, [defendant] must hire another employee to do the job for her while she remains a full-time employee. The Act does not go so far.

*Id.*; *accord EEOC v. Yellow Freight System, Inc.*, 253 F.3d 943, 952 (7th Cir. 2001). The Seventh Circuit reached the same conclusion in *Byrne*, rejecting the notion that prolonging an employee's absence from work can be considered a reasonable accommodation:

> From November 1998 through mid-January 1999, Byrne…was incapable of working. Byrne acknowledges this but contends that he should have been accommodated by being allowed ***not*** to work. That is not what the ADA says. The sort of accommodation contemplated by the Act is one that will allow the person to "perform the essential functions of the employment position." ***Not working is not a means to perform the job's essential functions. An inability to do the job's essential tasks means that one is not "qualified"***; it does not mean that the employer must excuse the inability.

---

[5] Following the Seventh Circuit's lead, other judges in the Northern District of Illinois have found individuals on multi-month leaves of absence to not be qualified individuals with disabilities. *See Delgado v. Sears Holdings Corp.*, 2008 WL 4866619 at *7 (N.D. Ill. 2008) ("The law does not require an employer to retain any employee who cannot come to work for over ***150 days*** each year, irrespective of whether that employee is disabled."); *Hoang v. Abbott Laboratories*, 2007 WL 2903182 at *8 (N.D. Ill. 2007) (inability to work for ***two months*** made employee not a qualified individual); *Stolarczyk v. Senator Intl. Freight Forwarding LLC*, 376 F.Supp.2d 834, 848 (N.D. Ill. 2005) (a ***2 to 3 month*** leave of absence removed plaintiff from protections of ADA because "the Seventh Circuit has repeatedly found that plaintiffs with lengthy absences do not qualify for protection under the ADA."); *Green v. Pace Suburban Bus*, 2004 WL 1574246 at *16(N.D. Ill. 2004) (inability to work for ***six months*** made employee not a qualified individual); *Harris v. Proviso Area For Exceptional Children*, 581 F.Supp.2d 942, 958-59 (N.D. Ill. 2008) (missing entire school year meant employee was not a qualified individual).

328 F.3d at 380-81 (emphasis supplied); *see also Hamm*, 223 Fed. Appx. at 508-09 (same).

Indeed, the Seventh Circuit has squarely rejected the notion that an extended or indefinite leave of absence is ever a reasonable accommodation under the ADA.[6] *See Nowak*, 142 F.3d at 1004 ("The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence."); *EEOC v. Yellow Freight System, Inc.*, 253 F.3d 943, 950 (7th Cir. 2001) (request for accommodation based on additional sick leave not reasonable as a matter of law); *Oestringer*, 92 Fed. Appx. at 341 ("a request for medical leave is reasonably only if it is for a short amount of time."); *Hamm* 223 Fed. Appx. at 508-09 (rejecting request for additional month of medical leave after already missing months on leave); *Pond v. Michelin N. America, Inc.*, 183 F.3d 592, 597 n. 5 (7th Cir. 1999) ("[T]he ADA does not require creation of extended leave status to accommodate disabled employees."); *Hoang*, 2007 WL 2903182 (two month leave of absence was not a "limited" leave of absence).

The end result is that the EEOC has pled an ADA claim that is not plausible on the face of the Complaint. By the EEOC's own pleading, Momsen was not a qualified individual with a disability because she was absent from work for 12 months at the time of her administrative separation. Nor would it have been a reasonable accommodation to provide Momsen with additional time off. Nor has she pled any other reasonable accommodation that might have allowed her to continue at UPS. Consequently, Momsen was not a qualified individual with a disability, and her ADA claim should be dismissed. As each member of the proposed class also suffers from the same fatal flaw, their claims should also be dismissed as well.

---

[6] How could a court reach a contrary conclusion when Congress has expressly set the bar at 12 weeks under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*?

II.  **Alternatively, EEOC Has Pled No Facts to Justify Extending this Flawed Lawsuit Beyond Momsen.**

The flaw in the EEOC's ADA claim is especially glaring when considering that the EEOC pled the claim as a nationwide class claim. It might be conceivable for the EEOC to argue that some fact particular to Trudi Momsen makes her the exception to the general rule on extended absences in the qualified individual analysis and that this Court should distinguish that precedent based on her particular circumstances. It is unfathomable, however, to plead that hundreds of individuals who failed to return to work at UPS for various individual reasons and were administratively cleared pursuant to the 12 month policy are all the exceptions to the general rule - each one a qualified individual with a disability despite missing twelve months of work. This is a stretch far in excess of Fed. R. Civ. P. 11's allowance for zealous advocacy. At its very core, all EEOC has pled is one individual's very flawed ADA claim with a class action label slapped on it.

A.  **EEOC Has Not Met the *Bell Atlantic* Minimum Pleading Requirements for this Fact Intensive Nationwide Class Claim.**

Not surprisingly, the EEOC has failed to plead any facts to support this class action label slapped onto Momsen's claim. Not one fact that could reasonably support the premise that there is another individual whose unique facts and circumstances might compel this Court to create new law finding him to be a qualified individual with a disability despite being absent from work for twelve months. Instead, the EEOC simply slapped a class action label on Momsen's claim in the hope this would allow it to attack the twelve month policy on behalf of hundreds of UPS employees nationwide who were administratively cleared pursuant to this policy, despite overwhelming odds that these individuals are not protected by the ADA. *Bell Atlantic* requires more than conclusions and speculation before allowing a plaintiff discovery on such a large,

sweeping class claim that will involve extensive individual discovery. Consequently, the class claim should be dismissed.

As the Supreme Court has emphasized, Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). It "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint will not suffice "if it tenders naked assertions devoid of further factual enhancement." *Iqbal,* 129 S. Ct. at 1949. There must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 550 U.S. at 570.

This is especially true where a plaintiff alleges claims that require time consuming and costly discovery (as EEOC does here). "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic*, 550 U.S. at 558; *see also Ocwen Loan Servicing LLC v. Mortgage Servicing Litigation*, 491 F.3d 638, 649 (7th Cir. 2007) (40-page complaint "vague" as to the nature of its claims should be examined by district court to "determine whether the complaint contains enough factual matter taken as true to provide the minimum notice of the plaintiffs' claim that the Court believes a defendant is entitled to"); *Siemer v. Quizno's Franchise Co. LLC*, 2008 WL 904874, at *9 (N.D. Ill. 2008) (dismissing class action claim due to plaintiffs' insufficient pleading of facts to define relevant market, noting that unless the plaintiffs plausibly pled each element of their claim, it "should not be permitted to continue into its inevitably costly and protracted discovery phase"); *Asahi Glass Co. v. Pentech Pharm., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Justice Posner sitting by designation held, given the particularly costly and protracted discovery associated with case, "some threshold of plausibility must be crossed" before allowing the claim to go forward).

In this case, EEOC has failed to plead even one fact in support of its attempt to seek relief on behalf of a class. Rather, the EEOC's sole allegations with regard to the class simply notes its objection to the 12 month policy:

> 12. Since at least 2002, UPS has maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §12112(a) and 12112(b)(3)(A) and (b)(5)(A).
>
> 13. The effect of the practices complained of in paragraph 12 above has been to deprive a class of disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

(Complaint, ¶¶ 12-13). Nowhere has the EEOC pled any fact to plausibly suggest there is someone out there who might be able to convince this Court to find him or her a qualified individual with a disability despite missing 12 months of work at the time of his or her administrative separation. Rather, the only facts pled relate solely to Trudi Momsen. Yet, based on the class action label slapped onto Ms. Momsen's individual ADA claim, the EEOC would like this Court to open the floodgates to allow it to conduct an unmitigated fishing expedition trolling through the potentially hundreds of individuals administratively separated pursuant to the policy. This clearly fails to comply with the *Bell Atlantic* minimum pleading requirements for such a large class action.

Indeed, the class claim pled by the EEOC is the precise reason for the *Bell Atlantic* rule. EEOC has pled a class claim with no factual support that would involve expensive discovery focused on potentially hundreds of individuals and their individual abilities and limitations. It would require written discovery and depositions involving hundreds of potential claimants to determine if each one was capable of performing the essential functions of the job (in spite of

missing 12 months of work), whether the individual is substantially limited in a major life activity, whether there was any reasonable accommodation that existed and whether the individual ever requested an accommodation. And then, once this fact-intensive discovery is complete for the hundreds of individuals, UPS will be forced to file (and this Court to rule upon) motions for summary judgment on each such individual. All based on the mere speculation that there might be someone out there who could be a qualified individual with a disability despite the overwhelming precedent to the contrary. This is precisely the sort of speculative, large-scale fishing expedition that *Bell Atlantic* is intended to prevent.

        B.      **The Pattern and Practice Methodology Does Not Fix the Defective Class Claim.**

Nor can the EEOC avoid the defect in their ADA class claim by utilizing the pattern and practice methodology first articulated in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). The *Teamsters* pattern and practice methodology, in certain circumstances, allows a party to assert discrimination claims under Title VII on behalf of a class of individuals without proving that each individual in the class was the victim of discrimination. Rather, the method allows the party to prove that the employer had a generally applicable rule or practice of discriminating on a protected basis (*i.e.* race or sex), which creates a presumption that all members of the same protected class were subjected to this practice. Once this initial finding of liability is made, a second stage occurs where individual issues are assessed.

Unlike Title VII cases, however, the ADA does not prohibit discrimination against any individual, but only prohibits discrimination against qualified individuals with disabilities. *Nowak*, 142 F.3d at 1002. Thus, a finding that the employer discriminated against, or failed to make reasonable accommodation for, a class of individuals is a meaningless finding unless there is a related finding that each such individual was a qualified individual with a disability.

*Hohider v. United Parcel Service*, 574 F.3d 169, 192, 195 (3rd Cir. 2009) (retired Supreme Court Justice Sandra Day O'Connor, sitting by designation) (discriminating against or refusing an accommodation to an individual who does not meet the qualified individual with a disability test does not violate the ADA). Consequently, even if EEOC were to proceed under *Teamsters*, it would be required to prove that each person for whom it seeks relief is a qualified individual with a disability before there can be any finding of liability under the ADA. *See Hohider*, 574 F.3d at 196 (it was abuse of discretion for district court to utilize a *Teamsters* pattern and practice approach that did not require proof that each class member was a qualified individual with disability as part of the stage one finding of liability under the ADA).

As EEOC has pled no facts to support such a large-scale fishing expedition for class members, the class claims should be dismissed pursuant to Rule 12(b)(6) now - "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic v. Twombly*, 550 U.S. at 558. EEOC already treads dangerously into Rule 11's shadow with Momsen's individual ADA claim that is contrary to established law. It should not be permitted to take it several steps further by alleging this same claim contrary to Seventh Circuit precedent on behalf of an entire class. Especially when it has pled no facts to justify extending the claim to even one additional individual, let alone an entire class of people that are not covered by the ADA due to their extended absences.[7]

---

[7] If EEOC had a good faith basis for extending this lawsuit beyond Momsen, it surely would have pled facts regarding other individuals it uncovered as part of its investigation into the application of UPS's 12 month policy. This reinforces the plain truth that this lawsuit is really one individual's (Momsen) very flawed ADA claim dressed up as a class action.

## **CONCLUSION**

For the reasons set forth herein, EEOC's and Momsen's complaints should be dismissed. Alternatively, if the EEOC is permitted to proceed on behalf of Momsen individually, the class claims should be dismissed.

                                              Respectfully submitted,

                                              UNITED PARCEL SERVICE, INC.

                                              By: /s/ Gary R. Clark
                                                        One of Its Attorneys

John A. Klages, ARDC #06196781
Gary R. Clark, ARDC #06271092
Ellen M. Girard, ARDC #06276507
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL  60654
(312) 715-5000
(312) 715-5155 (fax)
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that a copy of the foregoing **Memorandum in Support of UPS's Motion to Dismiss** was filed electronically using the Court's CM/ECF system on October 26, 2009. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the e-mail addresses indicated below. Parties may access this filing through the Court's system:

      John C. Hendrickson
      Diane I. Samson
      Jeanne B. Szromba
      Equal Employment Opportunity Commission
      500 W. Madison St., Suite 2000
      Chicago, IL  60661
      John.hendrickson@eeoc.gov
      Diane.smason@eeoc.gov
      Jeanne.szromba@eeoc.gov

      David Hemenway
      Law Office of David Hemenway, P.C.
      300 S. Wacker Drive, Ste. 1700B
      Chicago, Illinois 60606
      employmentlaw@mac.com


                                          s/Gary R. Clark
                                              Gary R. Clark