IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and TRUDI MOMSEN, | ) ) ) | |
| Plaintiffs, | ) ) | No.  09 C 5291 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

### AMENDED INTERVENOR COMPLAINT

Trudi Momsen, by her attorney, David Hemenway, complains of Defendant United Parcel Service, Inc. ("UPS"), as follows:

### Nature of the Action

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") has alleged that United Parcel Service, Inc. ("UPS") terminated the employment of Trudi Momsen ("Momsen") because of her disability rather than accommodating her by extending her leave, and, further, discriminated against a class of individuals with disabilities (including but not limited to Momsen) by maintaining an inflexible 12-month leave policy which did not provide for reasonable accommodation and which instead provided for termination of employment, all in violation of the ADA.

Momsen further alleges that, after she returned from a leave of absence necessitated by her disability, multiple sclerosis (MS), UPS discriminated against her by, *inter alia*, rejecting her request for reasonable accommodations, and firing her when

she required additional time off for treatment for her disability and for an injury resulting from her disability.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 20000e-6. Momsen has intervened as a matter of right pursuant to 42 U.S.C. § 2000e-5(f)(1) and Fed.R.Civ.P. 24.

2. The employment practices alleged to be unlawful were committed within the State of Illinois and elsewhere where UPS does business in the United States.

## Parties

3. Plaintiff-Intervenor Momsen is a citizen of the United States who resides in Will County, Illinois. Momsen is an aggrieved party in this action and asserts this action on her own behalf.

4. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, UPS was doing business in the State of Illinois and had at least 15 employees.

6. At all relevant times, UPS was an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, UPS was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

### Statement of Claims

8. More than thirty days prior to the institution of this lawsuit, Momsen filed a Charge of Discrimination with the EEOC alleging violations of Title I of the ADA by UPS. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Momsen began working for UPS in 1990 as a customer service representative, and worked for UPS for 17 years prior to being fired in March 2006. Her position at the time of the events described in this amended complaint was as an administrative assistant in UPS' payroll department.

10. Momsen took a medical leave of absence from in or about February 2006 to February 2007 for reasons related to her disability.

11. In February 2007, Momsen returned from her leave of absence.

12. When Momsen's returned to work in February 2007, she required a cane to walk in order to maintain her balance.

13. When Momsen returned from her leave of absence, she requested reasonable accommodations from UPS, including, but not limited to, a hand cart that would allow her to perform her job duties.

3

14. When Momsen requested a hand cart, her supervisor laughed in response, and UPS refused to provide her with this or any other accommodation for her disability.

15. After returning to work, Momsen injured herself when she slipped on the ice while walking to her car, off of UPS premises and outside of her working hours.

16. After returning to work, Momsen also experienced a flareup of her MS, and required therapeutic treatment that required her to take time off to receive this treatment.  Momsen's flareup may have resulted in part, or have been exacerbated by, stress caused by UPS' failure to grant her request for accommodations for her disability.

17. UPS fired Momsen on or about March 6, 2007, rather than accommodate her request for time off resulting from her disability-caused injury and need for therapeutic treatment.

18. By firing Momsen, rather than accommodating her by granting her leave, by offering her other reasonable accommodations, or by returning her to work in an available position which she could have performed, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§12112(a) and 12112(b)(3)(A) and (b)(5)(A).

19. The effect of the practices complained of in paragraphs 9 through 18 above has been to deprive Momsen of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

20. The unlawful employment practices complained of in paragraphs 9 through 18 above were intentional.

21. The unlawful employment practices complained of in paragraph 9 though 18 above were done with malice or with reckless indifference to the federally protected rights of Trudi Momsen.

22. Since at least 2002, UPS has maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A).

23. UPS purported to fire Momsen pursuant to the policy described in paragraph 22. The effect of the practices complained of in paragraph 22 above has been to deprive a class of disabled employees of equal employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

24. The unlawful employment practices complained of in paragraphs 22 and 23 above were intentional.

25. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Momsen and a class of disabled employees.

## **Prayer For Relief**

Wherefore, Momsen respectfully requests that this Court:

A. Grant a permanent injunction enjoining UPS, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability;

  B.  Order UPS to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of UPS;

  C.  Order Defendant to make whole Trudi Momsen by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D.  Order Defendant to make whole Momsen by providing compensation for past and future pecuniary losses resulting from her unlawful termination, including, but not limited to, job search expenses;

  E.  Order UPS to make whole Momsen by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in herein, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  F. Order UPS to pay Momsen punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

  G.  Grant such further relief as the Court deems necessary and proper in the public interest; and,

  H.  Award Momsen her reasonable attorney's fees and costs in this action.

## **Jury Trial Demand**

Momsen requests a jury trial on all questions of fact raised by her amended intervenor complaint.

                                        **Trudi Momsen**,
                                        Intervenor-Plaintiff


                            By: /s/ David Hemenway
                                 Attorney for Trudi Momsen

Law Office of David A. Hemenway, P.C.
300 S. Wacker Dr., Ste. 1700B
Chicago, IL 60606
(312) 663-4733
employmentlaw@mac.com
ARDC No. 6216227