IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and TRUDI MOMSEN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 09 C 5291 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**PLAINTIFF-INTERVENOR'S REPSONSE
TO UPS' MOTION TO DISMISS**

Trudi Momsen, by her attorney, David Hemenway, responds to UPS' motion to dismiss as follows:

Momsen has filed an amended intervenor complaint, and, therefore, UPS' motion to dismiss is now moot to the extent it is directed at Momsen's intervenor complaint. Momsen has chosen to file an amended intervenor complaint solely because UPS' motion to dismiss is largely based on the strongly implied, but inaccurate, assertion that Momsen did not return to work after a 12 month leave of absence. The inference is false. However, the original intervenor complaint does not directly set forth contrary allegations. Thus, rather than introducing new factual matter in a response opposing the motion, Momsen has included the additional allegations in her amended intervenor complaint.

The specific inferred factual inaccuracy is as follows. In the first sentence of UPS' supporting memorandum, UPS asserts that "[A]bsent and unable to work for twelve months, Trudie Momsen was administratively cleared by Defendant UPS

pursuant to a policy calling for such administrative separation once an employee failed to report to work for twelve (12) months." (*UPS supporting memorandum at p. 1*). UPS repeats this assertion on page 2, stating Ms. Momsen was administratively separated on March 6, 2007, pursuant to a UPS policy requiring the separation of employees who have failed to return to work for twelve months (*Id. at p. 2*). On page 4, UPS states "[t]hus, the very nature of the policy attacked by UPS results in one immutable fact that is true for Momsen and anyone else administratively separated under this policy: they were all unable to work for 12 months before being administratively cleared." *(Id. at p. 4)*.[1]

The inference UPS clearly intends to convey throughout its motion is that Momsen never returned to work after a 12 month leave of absence.

Momsen did, in fact, return to work in February 2007 after a 12 month leave of absence necessitated by her disability, multiple sclerosis. (*Amended Intervenor Complaint at ¶ 10*). Accordingly, Momsen has filed an amended intervenor complaint containing the allegations, *inter alia*, that (1) Momsen took an approved leave of absence from February 2006 to February 2007, for her disability, multiple sclerosis *(Id.)*, and, (2) Momsen returned to work in February 2007 *(Id. at ¶ 11)*.

The amended intervenor complaint further sets forth the following allegations not specifically pleaded in the original intervenor complaint: (1) Momsen requested the reasonable accommodation of a hand cart to assist her in performing her job duties (*Id. at ¶ 13)*; (2) UPS refused this request (*Id. at ¶ 14)*; (3) Momsen requested additional

---

[1] UPS has carefully worded its description of Momsen's period of absence in a manner which leaves it room to assert that it did not explicitly claim Momsen failed to return to work. It is, however, clear that UPS seeks to create the impression that Momsen never returned to work following her leave of absence.

time off for MS-related treatment after returning to work (*Id. at ¶¶ 16-17*);, and, (4) UPS fired Momsen on or about March 6, 2007, rather than grant her the additional time off for MS-related treatment (*Id. at ¶ 17).*

Momsen has chosen to file an amended complaint rather than contest UPS' motion solely because UPS has based its motion on an inference that goes beyond that which is pleaded in the original intervenor complaint. By doing so, Momsen does not in any way suggest or agree that either EEOC's complaint or her original intervenor complaint are subject to dismissal under Fed.R.Civ.P. 12(b)(6). Momsen understands that her amended intervenor complaint, which she may file as a matter of course under Fed.R.Civ.P. 15, supersedes her orginal intervenor complaint.

**Wherefore,** Plaintiff Trudi Momsen respectfully requests that the Court deny UPS' motion to dismiss her intervenor complaint on the basis that the motion is moot in light of the filing of Plaintiff's amended intervenor complaint.

                                    Respectfully submitted,

                                    **Trudi Momsen**
                                    Intervenor-Plaintiff

                          By: /s/ David Hemenway
                              Attorney for Trudi Momsen

Law Office of David A. Hemenway, P.C.
300 S. Wacker Dr., Ste. 1700B
Chicago, IL 60606
(312) 663-4733
employmentlaw@mac.com
ARDC No. 6216227