IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-plaintiff, | ) ) ) ) | No. 09 CV 5291 |
| v. | ) ) | Judge Robert Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UPS'S
MOTION TO DISMISS AMENDED INTERVENOR COMPLAINT**

Intervenor-plaintiff Trudi Momsen ("Momsen") responded to Defendant United Parcel Service's ("UPS") motion to dismiss by filing an Amended Intervenor Complaint that pled additional facts. These additional facts do nothing, however, to fix the defective Americans with Disabilities Act claim pled by Momsen. Momsen was not a qualified individual with a disability at the time of her administrative separation because she had been unable to work for a multi-month period. Indeed, after 12 months off of work, Momsen was still unable to return to her job and required an additional leave of absence of an unspecified duration.

This inability to work for a multi-month period removes Momsen from the protections of the ADA since she was not a qualified individual with a disability at the time of her administrative separation. Moreover, Momsen's suggestion that she should have received additional time off as an accommodation has been repeatedly rejected by the Seventh Circuit. As such, Momsen's claim is not plausible on the face of the Complaint and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**COMPLAINT ALLEGATIONS**

Like any employer, UPS has a number of employees who are unable to return for extended periods of time. In many of these instances, the employee's inability to return extends well beyond the 12 weeks of Family and Medical Leave Act leave provided by UPS. Rather than simply doing the minimum required by the law, ***UPS keeps the individual's position open and allows them to continue their benefits uninterrupted for twelve month***s with the goal of eventually returning the employee to his or her job. However, when an employee has been unable to return to work for twelve months, UPS administratively clears the employee, which involves separating the employee, ending their benefits and filling the position.

Momsen was employed as a customer service representative for UPS in Illinois when, in February 2006, she was no longer able to work and commenced a medical leave of absence. (Am. Complaint, ¶¶ 9-10). Momsen remained on the leave of absence until February 2007, when she attempted to return to her position. (Am. Complaint, ¶ 10).

Momsen, however, was only able to work two weeks before a slip on the ice and a subsequent flare-up of her Multiple Sclerosis left her unable to report to work anymore. (Am. Complaint, ¶¶ 15-16). Momsen thereafter resumed her leave of absence. (Am. Complaint, ¶ 16). Since Momsen only returned for two weeks before continuing her leave of absence, the 12 month clock did not reset but continued to run on the leave of absence she started in February 2006.[1] Momsen was administratively separated pursuant to UPS's 12-month policy in March 2007. (Am. Complaint, ¶ 17).

---

[1] UPS's 12 month policy is found in its Flex Benefits Plan. The policy allows for the continuation of benefits and holding a position open for a maximum of 12 months. To effectively return to work and stop the 12 month clock, an employee must return to work for thirty days. Thus, an employee cannot take nine months off, return to work for seven days and then receive a new 12 month extension of benefits. Rather, that individual's 12 months will continue to run from its original commencement.

Despite the generosity of allowing Momsen 12 months off of work with full benefits while she was unable to work, Momsen claims that UPS should have done more. Specifically, Momsen claims that UPS violated the ADA by terminating her employment at the end of this 12 month period as opposed to accommodating her by giving her additional time off. Momsen, however, does not allege how much additional time - beyond the 12 months already provided - was needed. (Am. Complaint, ¶¶ 17-18). Momsen also generically alleges that UPS should have put her in a different position as an accommodation, but this conflicts with Momsen's allegation that she needed additional time off for therapeutic treatment of the flare-up of her MS after slipping on the ice. (Am. Complaint, ¶¶ 16, 18).

## ARGUMENT

### I. A Twelve Month Absence Prevents Momsen From Being a Qualified Individual with a Disability.

The gist of Momsen's claim is that UPS violated the ADA when it terminated her at the 12 month mark rather than accommodate her by extending her leave. Yet, the ADA does not prohibit discrimination against or require accommodations for an employee who is not a qualified individual with a disability. And an employee who is unable to work for a multi-month period of time - like Momsen was between February 2006 and March 2007 - is not a qualified individual with a disability. Nor is her request for *additional* time off as a reasonable accommodation reconcilable with Seventh Circuit precedent finding such requests unreasonable. The end result is that Momsen has pled an ADA claim that is deficient on the face of the complaint and should be dismissed.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, it does require pleading "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As Justice Kennedy elaborated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Seventh Circuit has likewise held that a complaint must plead sufficient facts and detail to: (i) give the defendant fair notice of what the claim is and the grounds upon which it rests; and (ii) to state a claim for relief that rises above the speculative level and is plausible on its face. *Equal Employment Opportunity Commission v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The amount and types of facts necessary to satisfy this requirement will vary from case to case, but "[a] complaint must always, however, allege enough facts to state a claim to relief that is plausible on its face, and how many facts are enough will depend on the type of case." *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

### A. The ADA Only Prohibits Discrimination Against Qualified Individuals with a Disability.

Contrary to *Bell Atlantic*, Momsen has pled a claim that is not plausible on the face of the complaint. The Americans with Disabilities Act prohibits discriminating against qualified individuals with a disability on the basis of their disability. 42 U.S.C. §12112(a). Discrimination includes the failure to make reasonable accommodation for such disabilities. 42 U.S.C. §12112(b)(5)(A). Unlike Title VII or other laws that prohibit discrimination against any *individual*, the ADA only prohibits discrimination against qualified individuals with a disability. This distinction is not insignificant in that an employer can willfully refuse to make reasonable accommodation for someone who is not a qualified individual with a disability without violating

the ADA, but must make such accommodation for someone who is a qualified individual with a disability. *See Nowak v. St. Rita High School*, 142 F.3d 999, 1002 (7th Cir. 1998) ("[T]he ADA's proscription against employment discrimination protects only the class of persons who are qualified individuals with a disability."); *Weigel v. Target Stores*, 122 F.3d 461, 465 (7th Cir. 1997) (ADA claim requires proof of membership in protected class - proof that employee is a qualified individual with a disability); *Hamm v. Exxon Mobil Corp.*, 223 Fed. Appx. 506, 508 (7th Cir. 2007) ("The employment provisions of the ADA only protect qualified individuals.").

As a result, the determination of whether the plaintiff is a qualified individual with a disability is a crucial first step in determining whether a violation of the ADA has occurred. To meet this requirement, it is a plaintiff's burden to prove that she can: (i) satisfy the requisite skill, experience, education and other job-related requirements of the employment position she holds or desires, and (ii) perform the essential functions of such position, with or without accommodation. *Basith v. Cook County,* 241 F.3d 919, 927 (7th Cir. 2001). This two-part inquiry must be made as of the time of the challenged employment decision. *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381 (7th Cir. 2003) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996)).[2]

### B. Momsen is Not a Qualified Individual with a Disability Due to her Multi-Month Absence.

It is at this fundamental first step where Momsen's ADA claim fails on the face of the complaint. Specifically, Momsen pled that, with the exception of two weeks in February 2007, she was unable to work between February 2006 and March 2007, a 12.5 month period of time.

---

[2] As Trudi Momsen was administratively cleared in March 2007, the pre-amendment ADA governs her claim. *See Kiewewetter v. Caterpiller Inc.*, 295 Fed. App'x. 850, 851 (7th Cir. 2008) (the ADA amendments are not retroactive and do not apply to conduct that occurred before January 1, 2009). The amendments make little difference to the analysis, however, since they did not change the plain language of the ADA's requirement that a qualified individual with a disability is someone who is capable of performing the essential functions of her job, with or without reasonable accommodation.

She further pled that she needed an indeterminate amount of *additional* time off at the time of her separation in March 2007. (Am. Complaint, ¶¶ 16-17). This inability to work for a multi-month period removes Momsen from the protections of the ADA since she was not a qualified individual at the time of her administrative separation. Consequently, Momsen's Complaint should be dismissed because she has failed to plead an ADA claim that is plausible on the face of the complaint.

The Seventh Circuit has repeatedly reinforced the common-sense notion that "if one is not able to be at work, one cannot be a qualified individual." *Byrne,* 328 F.3d at 381; *see also Nowak*, 142 F.3d at 1003 ("Obviously, an employee who does not come to work cannot perform the essential functions of his job"); *Waggoner v. Olin Corp.*, 169 F.3d 481, 484-85 (7th Cir. 1999) ("Except in the unusual case where an employee can effectively perform all work-related duties at home, an employee who does not come to work cannot perform *any* of his job functions, essential or otherwise.").

Based on this premise, the Seventh Circuit has uniformly held that employees on multi-month leaves of absences are not qualified individuals with a disability. Thus, in *Byrne v. Avon Products*, the Seventh Circuit held that an employee who was unable to work for **two months** was not a qualified individual with a disability because the "***[i]nability to work for a multi-month period removes a person from the class protected by the ADA***." *Byrne*, 328 F.3d at 380-81 (emphasis supplied); *see also Hamm*, 223 Fed. Appx. at 508 (affirming that a multi-month leave of absence removes an individual from the protections of the ADA). The Seventh Circuit has reached this same conclusion in all cases addressing this issue, whether the absence was two months, a year or longer. *See Hamm*, 223 Fed. Appx. at 508 (employee was not a qualified individual with a disability after working only five days over prior 33 months); *Perkins v.*

*Ameritech Corp.*, 161 Fed. Appx. 578, 581 (7th Cir. 2005) (not a qualified individual with disability after missing most of first half of year); *Oestringer v. Dillard Store Services, Inc.*, 92 Fed. Appx. 339, 341-42 (7th Cir. 2004) (employee was not a qualified individual at time of termination because she had missed six weeks of work on a medical leave that had no definite end-point); *Amadio v. Ford Motor Co.*, 238 F.3d 919, 928 (7th Cir. 2001) (in case where employee had 18 months in medical leaves over prior three years, court held he was not a qualified individual with a disability because, "When an employee is unable to perform the essential function of attending his employment, few, if any, reasonable accommodations exist."); *Nowak*, 142 F.3d at 1003-04 (teacher with 18 month medical leave of absence was not a qualified individual); *Corder v. Lucent Technologies, Inc.*, 162 F.3d 924, 928 (7th Cir. 1998).

Indeed, the Seventh Circuit has never found an employee on a leave of absence of two months or more to be a qualified individual with a disability. *See Byrne*, 328 F.3d at 380-81 (inability to work for ***two months*** removed the employee from the class protected by the ADA); *Oestringer v. Dillard Store Services, Inc.*, 92 Fed. Appx. 339, 341-42 (7th Cir. 2004) (not a qualified individual at time of termination because employee had missed ***six weeks*** of work on a medical leave and had not provided any return to work date yet); *Haschmann v. Time Warner Entertainment Co.*, 151 F.3d 591, 594-95 (7th Cir. 1998) (employee was a qualified individual where she missed 2.5 weeks of work, came back for a few weeks and then requested an additional 2-4 weeks off as an accommodation - which amounted to a grand total of 4-6 weeks off). Looking at all of these cases together, it appears the Seventh Circuit draws the line somewhere between six weeks and two months.[3]

---

[3] Following the Seventh Circuit's lead, other judges in the Northern District of Illinois have drawn a similar line around the two month mark. *See e.g. Delgado v. Sears Holdings Corp.*, 2008 WL 4866619 at *7 (N.D. Ill. 2008) ("The law does not require an employer to retain any employee who cannot come to work for over ***150 days*** each year, irrespective of whether that employee is disabled."); *Hoang v. Abbott Laboratories*, 2007 WL 2903182 at *8

Two months is a fraction of the 12 months at issue in this case. Here, Momsen was unable to work from February 2006 until February 2007 and, after attempting to return for two weeks, went out again on a leave of absence. All said and done, Momsen missed 12 months of work during this 12.5 month period. And she still was not capable of returning to work at the time of her administrative separation. As someone unable to work for a multi-month period, Momsen was not a qualified individual with a disability, and her complaint should be dismissed.

### C. Momsen's Request for Additional Time Off is not a Reasonable Accommodation.

Momsen's ADA claim also fails because her proposed accommodation is unreasonable and contrary to Seventh Circuit precedent. Momsen's Amended Complaint alleges that she was unable to return to work at the time of her administrative separation and that UPS should have accommodated her by allowing her *additional* time off to get treatment for her MS. (Am. Complaint, ¶¶ 16-17). Momsen does not allege how much additional time off she needed.

The Seventh Circuit has previously rejected the notion that additional time off for an employee on a multi-month leave of absence is a reasonable accommodation because such a notion would "turn the ADA on its head." *Waggoner*, 169 F.3d at 484. As the Seventh Circuit recognized in *Waggoner*:

> It is as if [plaintiff] thinks that rather than ensuring that she be allowed to work the ADA requires [defendant] to provide her with a job but not require that she regularly perform it. Rather, [defendant] must hire another employee to do the job for her while she remains a full-time employee. The Act does not go so far.

---

(N.D. Ill. 2007) (inability to work for **two months** made employee not a qualified individual); *Stolarczyk v. Senator Intl. Freight Forwarding LLC*, 376 F. Supp. 2d 834, 848 (N.D. Ill. 2005) (a **2 to 3 month** leave of absence removed plaintiff from protections of ADA because "the Seventh Circuit has repeatedly found that plaintiffs with lengthy absences do not qualify for protection under the ADA."); *Green v. Pace Suburban Bus*, 2004 WL 1574246 at *16 (N.D. Ill. 2004) (inability to work for **six months** made employee not a qualified individual); *Harris v. Proviso Area For Exceptional Children*, 581 F. Supp. 2d 942, 958-59 (N.D. Ill. 2008) (missing entire school year meant employee was not a qualified individual).

*Id.*; *accord EEOC v. Yellow Freight System, Inc.*, 253 F.3d 943, 952 (7th Cir. 2001). The Seventh Circuit reached the same conclusion in *Byrne*, rejecting the notion that an employee's continued absence from work can be considered a reasonable accommodation:

> From November 1998 through mid-January 1999, Byrne…was incapable of working. Byrne acknowledges this but contends that he should have been accommodated by being allowed *not* to work. That is not what the ADA says. The sort of accommodation contemplated by the Act is one that will allow the person to "perform the essential functions of the employment position." ***Not working is not a means to perform the job's essential functions. An inability to do the job's essential tasks means that one is not "qualified"***; it does not mean that the employer must excuse the inability.

328 F.3d at 380-81 (emphasis supplied); *see also Hamm*, 223 Fed. Appx. at 508-09 (same).

Indeed, the Seventh Circuit has squarely rejected the notion that an extended or indefinite leave of absence is ever a reasonable accommodation under the ADA.[4] *See Nowak*, 142 F.3d at 1004 ("The ADA does not require an employer to accommodate an employee who suffers a prolonged illness by allowing him an indefinite leave of absence."); *EEOC v. Yellow Freight System, Inc.*, 253 F.3d 943, 950 (7th Cir. 2001) (request for accommodation based on additional sick leave not reasonable as a matter of law); *Oestringer*, 92 Fed. Appx. at 341 ("a request for medical leave is reasonable only if it is for a short amount of time."); *Hamm* 223 Fed. Appx. at 508-09 (rejecting request for additional month of medical leave after already missing months on leave); *Pond v. Michelin N. America, Inc.*, 183 F.3d 592, 597 n. 5 (7th Cir. 1999) ("[T]he ADA does not require creation of extended leave status to accommodate disabled employees."); *Hoang*, 2007 WL 2903182 (two month leave of absence was not a "limited" leave of absence).

Moreover, even if Momsen only needed an additional week to return (she does not allege how much additional time she needed, but EEOC speculated it was only one week), it would not change anything. Specifically, Momsen had previously attempted to return to work until her MS

---

[4] How could a court reach a contrary conclusion when Congress has expressly set the bar at 12 weeks under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*?

flared up after slipping on some ice. Her MS left her unable to work for 12 months in the 12.5 months leading up to her administrative separation. As discussed previously, this multi-month leave of absence prevents her from being a qualified individual with a disability. Nor can one more week - in addition to all the months previously missed - be considered a reasonable accommodation in light of Momsen's demonstrated history of being unable to perform the essential function of attending work. *See Amadio,* 238 F.3d at 928-29 (rejecting one week extension of medical leave as reasonable accommodation since the plaintiff's attendance history established he could not perform the essential job function of regularly attending work); *Corder,* 162 F.3d at 928 (court looked to history of 18 month leave of absence to make qualified individual determination and rejected employee's assertion that she would have been able to attend work in future); *Nowak,* 142 F.3d at 1003-04 (employee's assertion that he was capable of returning to work on day he was terminated was not relevant due to his history of missing work for the prior 18 months). Indeed, "[w]hen an employee is unable to perform the essential function of attending his employment, few, if any, reasonable accommodations exist." *Amadio,* 238 F.3d at 928-29.

The end result is that Momsen has pled an ADA claim that is not plausible on the face of the complaint. By her own pleading, Momsen was not a qualified individual with a disability because she was absent from work for 12 months at the time of her administrative separation. Nor would it have been a reasonable accommodation to provide Momsen with additional time off. Consequently, Momsen was not a qualified individual with a disability, and her ADA claim should be dismissed.

## **CONCLUSION**

For the reasons set forth herein, the Amended Intervenor Complaint should be dismissed with prejudice.

                Respectfully submitted,

                UNITED PARCEL SERVICE, INC.

                By: /s/ Gary R. Clark
                      One of Its Attorneys

John A. Klages, ARDC #06196781
Gary R. Clark, ARDC #06271092
Ellen M. Girard, ARDC #06276507
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
(312) 715-5000
(312) 715-5155 (fax)
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Memorandum in Support of UPS's Motion to Dismiss Amended Intervenor Complaint** was filed electronically using the Court's CM/ECF system on January 8, 2010. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the e-mail addresses indicated below. Parties may access this filing through the Court's system:

>John C. Hendrickson
>Diane I. Smason
>Jeanne B. Szromba
>Equal Employment Opportunity Commission
>500 W. Madison St., Suite 2000
>Chicago, IL  60661
>John.hendrickson@eeoc.gov
>Diane.smason@eeoc.gov
>Jeanne.szromba@eeoc.gov
>
>David Hemenway
>Law Office of David Hemenway, P.C.
>300 S. Wacker Drive, Ste. 1700B
>Chicago, Illinois 60606
>employmentlaw@mac.com

>>s/Gary R. Clark
>>Gary R. Clark

QB\9477517.1