# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| TRUDI MOMSEN, | ) ) | CASE NO. 09-cv-5291 |
| Plaintiff-Intervenor | ) ) | Judge Robert M. Dow, Jr. |
| v. | ) ) | |
| UNITED PARCEL SERVICE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions [15 & 36] filed by Defendant United Parcel Service ("UPS"), seeking to dismiss both Plaintiff Equal Employment Opportunity Commission's complaint [1] as well as Plaintiff-Intervenor Trudi Momsen's amended complaint [29]. For the reasons set forth below, Defendant's motion to dismiss [15] the EEOC's complaint is granted, and Defendant's motion to dismiss [36] Plaintiff Trudi Momsen's intervenor complaint is denied. The EEOC may file an amended complaint within twenty-one days of the date of this order.

## I. Background[1]

### A. Allegations from EEOC's Complaint

In its complaint, the EEOC alleges that UPS terminated Trudi Momsen, an employee suffering from multiple sclerosis ("MS"), rather than accommodating her by extending her leave or returning her to work in an available position which she could have performed. EEOC Compl. ¶ 8. The EEOC further alleges that since at least 2002, UPS has maintained a 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment. *Id*. at ¶ 12. The EEOC purports to bring this complaint on behalf of Momsen and a class of individuals with disabilities who were affected by UPS's "inflexible 12-month leave policy." See, *e.g.*, *id*.

### B. Allegations from Momsen's Amended Intervenor Complaint

Trudi Momsen worked at UPS from 1990 to 2007. She went on a medical leave of absence beginning February 2006 and was diagnosed with multiple sclerosis in the fall of 2006. After approximately twelve months of leave, she returned to work in early February 2007. When Momsen returned to work in February 2007, she required a cane to walk in order to maintain her balance. Momsen requested reasonable accommodations from UPS, including the use of a hand cart "that would allow her to perform her job duties." Momsen Compl. ¶ 13. According to the allegations in the amended intervenor complaint, when Momsen requested a hand cart, her supervisor laughed in response, and UPS refused to provide her with this or any other accommodation for her disability. Id. at ¶ 14.

Shortly after returning to work in February 2007, Momsen injured herself when she slipped on ice. She experience a "flareup" of her MS, and required therapeutic treatment that

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaints. See, e.g., *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

required her to take additional time off to receive this treatment. She then told UPS that she could not return to work until her condition had stabilized, and on March 6, 2007, Momsen informed UPS that, at that time, her doctor required her to take one additional week of medical leave in order to return to work. After this request for an extension of medical leave, UPS fired Momsen on March 6, 2007, pursuant to its medical leave policy, because she had recently been on medical leave for a year.

As in the EEOC's complaint, the intervenor complaint also alleges that since at least 2002, UPS has maintained 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment. *Id*. at ¶ 22. In other words, during the 12 months, UPS keeps the individual's position open and allows the individual to continue his or her benefits. However, if an employee has been unable to return to work for a twelve month period, UPS administratively clears the employee, which entails separating the employee, ending her benefits, and filling the position.

## II.  Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true.

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

After Momsen filed her charge of discrimination, the EEOC conducted an investigation into her claims and UPS's medical leave policy and determined that there was reasonable cause to believe that UPS discriminated against Momsen and a class of disabled employees on medical leave because UPS terminated them rather than providing them with reasonable accommodations. After the Court granted Momsen leave to intervene, she filed her own complaint setting forth the additional factual details described above.

### A. Motion to Dismiss the EEOC's Complaint

Under the ADA, it is unlawful for an employer to fail to make reasonable accommodations to qualified individuals with disabilities. 42 U.S.C. §§ 12112(b)(5)(A), 12112(a). To establish a *prima facie* case of such a violation, EEOC must show – for Momsen and the class members – (1) that they are disabled; (2) that they are otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that the employer took adverse job actions against them because of the disabilities or failed to make reasonable accommodations. *Stevens v. Illinois Dept. of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000); *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 545 (7th Cir. 2008). The "ADA requires

4

that employer and employee engage in an interactive process to determine a reasonable accommodation." *Baert v. Euclid Beverage, Ltd.,* 149 F.3d 626, 633 (7th Cir. 1998).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations, quotation marks, and brackets omitted). "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief by providing allegations that raise a right to relief above the speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 777 (7th Cir.2007) (citations and quotation marks removed). EEOC's and Momsen's complaints need not contain specific facts establishing all three elements (see *Swierkiewicz* 534 U.S. at 514), but the complaints must plead sufficient facts to put UPS on notice of the claims against it and to state a claim to relief that is plausible on its face. See *Concentra Health Servs.,* 496 F.3d at 776.

The EEOC alleges that Momsen and all of the class members are disabled and that UPS failed to reasonably accommodate their disabilities. See EEOC Compl. ¶¶ 8 & 12. The EEOC also contends that "UPS has maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment." *Id.* at ¶ 12. In arguing that the current complaint is sufficient to put UPS on notice of the claims against it, the EEOC cites to *EEOC v. Sears, Roebuck & Co.*, 2005 WL 2664367 (N.D. Ill. July 22, 2005), in which an EEOC complaint virtually identical to the one in this case was found sufficient. In 2004, EEOC filed a lawsuit against Sears, Roebuck and Company alleging that it maintained an inflexible twelve-month

5

workers' compensation leave policy. Aside from the type of leave policy at issue, the substance of EEOC's class complaint against Sears is identical to the Complaint in this case. Sears, like UPS, filed a motion to dismiss claiming that it was under no obligation to accommodate employees after they had been on leave for twelve months. The district court rejected this argument for both the charging party and the class of disabled employees, finding that the allegations placed Sears on notice that the EEOC considered the charging party qualified to perform the essential functions of the job, with or without reasonable accommodation. *Id*. at *2. With respect to EEOC's class allegation, the court found "that the issue of whether defendant's leave policy fails to accommodate its disabled employees is an issue upon which defendant has been given notice and is a claim for which the plaintiffs are entitled to discovery." *Id*.

The EEOC's reliance on *Sears* is problematic because *Sears* only addressed the notice prong of the Rule 8 standard. Because *Sears* preceded *Twombly* by two years (and *Iqbal* by four), the failure to address the "plausibility" of the EEOC's claims was of no consequence. But since *Sears* was decided, the Supreme Court has determined that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. 1937, 1949 (2009); see also *Twombly*, 550 U.S. at 555 (while a court must take all of the factual allegations in the complaint as true for purposes of a motion to dismiss, it is "not bound to accept as true a legal conclusion couched as a factual allegation"). Once such conclusions are disregarded, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

In the present case, what the EEOC's complaint fails to allege is that Momsen (and the purported class members) are "otherwise qualified to perform the essential functions of the job

with or without reasonable accommodation." While the EEOC alleges that Momsen is disabled and that UPS failed to make reasonable accommodations for her, the complaint does not allege sufficient facts demonstrating that Momsen (or the potential class members) were qualified individuals. See *EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1012-14 (N.D. Ill. 2009) (dismissing complaint for failure to state a claim under the ADA). And as currently pled, the EEOC's complaint is so threadbare, conclusory, and formulaic that it does not even allow the Court to reasonably infer that Momsen or proposed class members have a plausible basis for claiming to be "otherwise qualified to perform the essential functions of the job with or without reasonable accommodation."

The EEOC cites a number of cases purporting to show that its complaint passes muster under Rule 8. For example, the Commission cites *E.E.O.C. v. Concentra Health Services* in support of its claim that "following *Twombly,* the Seventh Circuit reaffirmed its previous holdings that a plaintiff sufficiently states a claim for employment discrimination when he alleges that the employer took a specific adverse employment action against him because of a prohibited animus." EEOC's Resp. Br. at 4. Indeed, in *Concentra*, the court acknowledged Seventh Circuit precedent stating "that a plaintiff alleging employment discrimination on the basis of race, sex or some other factor *governed by 42 U.S.C. § 2000e-2* may allege the defendant's intent quite generally." *Concentra,* 496 F.3d at 781 (emphasis added). However, discrimination on the basis of disability is not among the factors governed by 42 U.S.C. § 2000e-2. Moreover, *Concentra* was addressing the specificity with which a defendant's discriminatory intent must be alleged in employment discrimination cases. Here, the question is not whether the EEOC has alleged UPS's *intent* to discriminate with enough specificity; instead, the question is

what a complaint must say in order to adequately allege that a person is a "qualified individual with a disability" under the ADA.

In fact, when examined more closely, *Concentra* undermines the EEOC's position. In *Concentra,* the EEOC filed suit on behalf of an employee who claimed that he had been fired in retaliation for reporting a sexual affair between his superior and another employee. *Concentra,* 496 F.3d at 775. The district court held that the complaint failed to state a claim because favoring a subordinate as a result of a sexual relationship did not, without more, constitute a violation of Title VII. *Id.* The EEOC then filed an amended complaint, this time couching the offending conduct in much more generic terms, asserting merely that "[s]ince at least 2001, Defendant has engaged in unlawful employment practices at its Elk Grove location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a)," and that "[s]uch unlawful employment practices include, but are not limited to, retaliating against Horn after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII." *Id.* at 776. The district court dismissed the complaint again, and the Seventh Circuit affirmed the dismissal on the ground that the EEOC had failed to describe the offending conduct with enough factual specificity. As the court observed, "[p]recedent confirms that a plaintiff like the EEOC alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *Id.* at 781.

Although the retaliation claim at issue in *Concentra* was different from the one at issue here, the underlying rationale is applicable: just as, in the retaliation context, a complaint must provide some factual basis for the assertion that an employee's conduct is protected, a complaint asserting discrimination under the ADA must provide some allegation or allegations specifically

indicating that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation. As currently pled, the EEOC's complaint fails to do this.[2]

Additionally, charges of racial discrimination differ in critical ways from charges of disability-based discrimination. "Unlike a person's race, an employer may legitimately take a handicap into consideration in determining whether an applicant or employee is qualified for a particular position. Thus, while an agency would never admit to basing an employment decision on race, agencies frequently acknowledge that they have taken a person's handicap into consideration." *Barth v. Gelb,* 2 F.3d 1180, 1186 (D.C. Cir. 1993); see also *Weed v. Evanston Hosp. Corp.,* 1998 WL 852893, at *5 (N.D. Ill. Dec. 4, 1998) ("The ADA and ADEA requires employers to hire and retain workers solely on the basis of their capabilities. Under certain circumstances, age and a disability can impede productivity, and employers can legitimately consider this fact so long as the employee's individual capabilities – not their status *per se* – is the determining factor for their retention or hiring") (citing *Davidson v. Midelfort Clinic Ltd.,* 133 F.3d 499 (7th Cir. 1998)). Because disability, unlike race, in some circumstances can be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate detail that the plaintiff is qualified to perform the essential

---

[2] The EEOC also relies on *Mounts v. United Parcel Serv. of Am., Inc.*, 2009 WL 2778004 (N.D. Ill. Aug. 31, 2009). The plaintiffs in *Mounts*, retired United Parcel Service ("UPS") employees who helped investigate discrimination charges brought by various current UPS employees, were dropped from UPS's group health insurance plan. As a result, they filed suit against the UPS under the ADA as well as the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* and other statutes. UPS moved to dismiss the claims, alleging that they had not been sufficiently pled. As noted by the EEOC, the court determined that the plaintiffs in *Mounts* adequately stated an ADEA claim by alleging that they were over forty years old and that they had been found ineligible for participation in the employer's health plan (see *Mounts,* 2009 WL 2778004 at *5); however, the court held that the plaintiffs failed to allege a discrimination claim under the ADA because they failed to allege that they suffered from an impairment that limits their ability to perform a major life activity. *Id.* at *5-6. Here, the EEOC is required to specifically allege (in a non-conclusory, non-formulaic fashion) that Momsen was qualified to perform the essential functions of the job with or without reasonable accommodation, but it has failed to do so.

9

functions of the job with or without reasonable accommodation. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) ("A complaint must always * * * allege enough facts to state a claim to relief that is plausible on its face, and how many facts are enough will depend on the type of case.") (citations and quotation marks omitted). The EEOC's complaint lacks such detail and must be dismissed.

In its response brief, the EEOC asserts that it should be allowed to file an amended complaint under Federal Rule of Civil Procedure 15 in the event that its complaint should be found deficient. The Court agrees. The EEOC may file an amended complaint within twenty-one days of the date of this order.

**B.     Motion to Dismiss Momsen's Intervenor Complaint**

As set forth in the Background section, the allegations set forth in Momsen's intervenor complaint are more detailed than those set forth in the EEOC's complaint. Not only does Momsen allege that she is disabled and that UPS failed to accommodate her, but she also alleges that when she returned from leave, she reasonable accommodations, such as hand cart, "that would allow her to perform her job duties." Momsen Compl. ¶ 13. At this stage of the case, this allegation, taken with the additional allegations in the complaint, allow the Court to draw an inference that Momsen was a qualified individual with a disability.

Defendant contends that Momsen's additional facts do not cure the defects in her complaint because Momsen was off work for twelve months before returning to her job and then required an additional leave of absence upon return. However, these arguments misconceive the purpose of a motion to dismiss, which is to test the sufficiency of the allegations, not to address issues of fact or evidence. See *Gandhi v. Sitara Capital Management, LLC*, 2010 WL 551266, at *1 (N.D. Ill. Feb. 9, 2010). Even after *Twombly* and *Iqbal*, a plaintiff does not have to come

10

forward with evidence to survive a motion to dismiss. See *Trade Finance Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009) (articulating the difference between a motion to dismiss and a motion for summary judgment). Instead, a plaintiff must allege sufficient factual matter which, if accepted as true, would state a claim to relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. Here, Plaintiff alleges that she could have worked if UPS had accommodated her, and at this stage, these allegations, accepted as true, state a claim to relief that is plausible on its face.

As Defendant notes, the Seventh Circuit has reinforced the notion that "if one is not able to be at work, one cannot be a qualified individual." *Byrne v. Avon Products, Inc*., 328 F.3d 379, 381 (7th Cir. 2003); see also *Nowak v. St. Rita High School*, 142 F.3d 999, 1002 (7th Cir. 1998) ("Obviously, an employee who does not come to work cannot perform the essential functions of his job"). From this premise, Defendant contends that the Seventh Circuit always holds that employees on multi-month leaves of absences are not qualified individuals with a disability. See *Byrne*, 328 F.3d at 380-81. In other words, Defendant claims it was under no duty to accommodate any employee under its medical leave policy.

Clearly, allowing an employee not to work at all is beyond the concept of "reasonable accommodation" under the ADA. However, Momsen alleges that she was able to return to work, but that UPS's inflexible leave policy would not permit her to do so. Momsen contends that UPS's procedure of failing to engage in any interactive process or otherwise attempting to accommodate her at the end of her medical leave, and instead summarily terminating her, violated her rights under the ADA. In other words, it is the termination without an inquiry for an individual who has put forth sufficient factual allegations to demonstrate that she is a qualified

11

individual that may violate the ADA. At this stage, Momsen's claim is sufficient to put UPS on notice and to state a plausible claim for relief.[3]

## IV. Conclusion

For the reasons set forth above, the Court grants Defendant's motion to dismiss the EEOC's complaint [15] and denies Defendant's motion to dismiss Momsen's intervenor complaint [36]. The EEOC may file an amended complaint within twenty-one days of the date of this order.

Dated: September 10, 2010

_____
Robert M. Dow, Jr.
United States District Judge

---

[3] Throughout both its briefs, Defendant stresses that under Seventh Circuit precedent, individuals (like Momsen) who are unable to regularly report to work are not considered qualified individuals with a disability and thus are not entitled to a reasonable accommodation or protection under the ADA. See *Byrne*, 328 F.3d at 381 (granting summary judgment for employer because the employee, who had missed two months of work, was not a qualified individual with a disability because the "inability to work for a multi-month period removes a person from the class protected by the ADA."). However, most of the decisions cited by Defendant in support of this proposition were at the summary judgment stage. Perhaps this forecasts a tough row to hoe for Momsen, but at this stage, she has sufficiently pled a claim. See, *e.g*, *Waggoner v. Olin Corp.,* 169 F.3d 481, 485 (7th Cir. 1999) (determining whether an extension of a company's leave policy is a reasonable accommodation is an issue of fact, not law, and noting that the court was not "establishing a hard-and-fast rule that no absences from work need be tolerated" but rather indicating a "willingness to look to the reasonableness of an accommodation of a requested medical leave.").