**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **No. 09 C 5291** |
| **TRUDI MOMSEN,** | ) ) | **Judge Robert M. Dow, Jr.** |
| **Plaintiff-Intervenor** | ) ) | **Magistrate Judge Schenkier** |
| **v.** | ) ) | |
| **UNITED PARCEL SERVICE, INC.,** | ) ) | |
| **Defendant.** | ) ) ) | |

<u>**EEOC'S RESPONSE TO UPS'S MOTION TO DISMISS CLASS CLAIMS**</u>

EEOC brought this action against UPS based on its practice of firing its employees after they exhaust the company's 12-month leave of absence policy, without first attempting to accommodate the disabilities of those disabled under the ADA. By definition, UPS's practice applies to *all* of its employees on medical leave. In its First Amended Complaint, EEOC identified two UPS employees who were negatively affected by this practice. While the Complaint does not identify each victim of the allegedly illegal practice by name, it inarguably gives UPS fair notice of the claim against it and states a claim for relief which rises above the speculative level. During the discovery process, EEOC will identify all of the victims of this practice and UPS will have an opportunity to challenge the merits of those claims. However, as the Court correctly pointed out in its Order, such arguments as to the merits are premature at the pleading stage. Therefore, EEOC's Complaint is in compliance with FED. R. CIV. P. 8, and UPS's Motion to Dismiss Class Claims should be denied.

## I.     EEOC HAS SATISFIED THE MINIMAL PLEADING REQUIREMENTS OF FED R. CIV. P. 8.

EEOC's First Amended Complaint provides UPS with fair notice of the claim against it and states a claim for relief that rises above the speculative level. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 777 (7th Cir. 2007). There is, of course, no magic number of facts necessary to satisfy this rule; rather, "how many facts are enough will depend on the type of case." *Limestone Dev. Corp. v. Village of Lemond*, 520 F.3d 797, 803 (7th Cir. 2008).

Here, EEOC is suing UPS on behalf of a nationwide class of individuals who were fired pursuant to UPS's practice of terminating employees who exceed 12 months of leave without attempting to accommodate their disabilities.  EEOC's administrative investigation of Charging Party Trudi Momsen's charge of discrimination found reasonable cause to believe that UPS's leave practice violated the ADA.  At that time, EEOC did not identify nor did it search for *all* potential victims of this discrimination.  Consequently, EEOC does not yet know the identities of all of the disabled employees who were affected by this practice, but it does know (as does UPS) the universe of those employees: all those fired by UPS after taking 52 weeks of medical leave during the relevant time period.  In fact, UPS has more information about the universe of potential employees than does EEOC.  UPS should know who, among those terminated employees, were disabled.

In its Order, this Court distinguished disability-based discrimination cases from other forms of discrimination by stating that EEOC has the burden to plead more detail about the claimants in an ADA lawsuit than in a Title VII lawsuit.  *See* Order, p. 9. However, EEOC's claim of disability discrimination here is, in fact, more detailed than similar complaints in Title VII cases.  For example, unlike sex harassment class cases, in which the potential number and identity of victims consists of all female employees of a company, and unlike a race hiring class

case, in which the potential number and identity of victims consists of all applicants in the protected class who applied in addition to all those deterred from applying, in this case the identities of the potential class members is readily available to UPS. The number of the UPS employees fired after taking a 52-week leave of absence during the relevant time period is relatively small and distinct.

UPS claims that EEOC has "no plausible basis" for extending this case beyond the claims of Momsen and Luvert, presumably because they are the only two UPS employees for whom EEOC has provided details of their claims. But UPS is incorrect. This is a lawsuit about *a practice which applies to all UPS employees on medical leave*. EEOC alleges that UPS has a practice of terminating employees on medical leave, without first attempting to accommodate those with disabilities, if their leaves exceed 52 weeks, which violates the ADA. Of course, EEOC will have to prove that each class member it identifies is a qualified individual under the ADA who could have performed his or her job with or without a reasonable accommodation before such individual is eligible for any kind of relief. EEOC's First Amended Complaint clearly states that all class members will meet these requirements. (Complaint ¶ 9)

In its Order, this Court also raised concerns about EEOC's complaint surviving the "plausibility" pleading standard set out by *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009). Specifically, the Court distinguished *EEOC v. Sears, Roebuck & Co.*, 2005 WL 2664367 (N.D. Ill. July 22, 2005), because it was decided prior to the standards set out by *Twombly* and *Iqbal*. However, another court in this district denied a similar motion to dismiss in *EEOC v. Supervalu*, a case alleging a similar medical leave practice violation, after *Twombly* and *Iqbal* were decided. In that case, EEOC's complaint read, in part:

> 8. Since November 1, 2003 Defendant has violated Sections 102(a) and102(b)(3)(A), 102 (b)(5)(A) and 102(b)6) of Title I of the ADA, 42

U.S.C. §§ 12112(a), 12112(b)(3 ), 12112 (b)(5)(A), and 12112(b)(6), by prohibiting disabled employees who were on Defendant's one-year paid disability leave, or eligible for it, from returning to work unless they could return without any accommodation to full service and had no physical or mental restrictions, and terminating such employees at the end of the one-year leave period.

9      Since November 1, 2003 Defendant has violated Sections 102(a) and102(b)(3)(A), 102 (b)(5)(A) and 102(b)6) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(3 ), 12112 (b)(5)(A), and 12112(b)(6), by engaging in a pattern or practice of  prohibiting disabled employees who were on Defendant's one-year paid disability leave, or eligible for it, from returning to work unless they could  return without any accommodation to full service and had no physical or mental restrictions, and terminating such employees at the end of the one-year leave period.

Complaint, ¶¶ 8-9, attached hereto as Exhibit A.  The court denied the defendant's motion to

dismiss on this very same issue (as well as additional issues involving EEOC's conciliation

process).  *EEOC v. SuperValu, Inc.*, Case No. 09 CV 5637 (N.D. Ill. 2009) (Guzman, J.).[1]

EEOC's First Amended Complaint in this case is far more detailed than the complaint in

*SuperValu* which was allowed to proceed to discovery.


## II.      EEOC IS NOT REQUIRED TO IDENTIFY EACH CLASS MEMBER BEFORE FILING SUIT.

As in most cases brought on behalf of a group of aggrieved individuals by EEOC alleging

an unlawful employment practice, the individuals in the class were not and could not have been

identified prior to filing suit.  Accordingly, claims on behalf of other qualified individuals with

disabilities who could perform the essential functions of the job with or without a reasonable

accommodation, but who were terminated without being offered reasonable accommodations at

UPS, are properly a part of this action.

---

[1] This is a different and substantively distinct case from the *SuperValu* decision cited by the Court in its Order. *EEOC v. SuperValu, Inc.*, 674 F. Supp.2d 1007 (N.D. Ill. 2009) (individual ADA claim which did not include an alleged policy violation).

Before filing suit, EEOC is not required to identify, or indeed know the identity of, every potential class member. *See EEOC v. United Parcel Service,* 94 F.3d 314, 318 (7th Cir. 1996) (EEOC may pursue claims on behalf of class identified in Letter of Determination, even where class includes individuals who did not file charges); *EEOC v. United Parcel Service,* 860 F.2d 372, 374-376 (10th Cir. 1988) (EEOC may proceed with class litigation under Title VII even where the charging party has reached private settlement, and EEOC is unable to identify other specific victims). In addition, EEOC need not identify class members in pre-suit conciliation in order to include them in litigation. *EEOC v. Scolari Warehouse Markets, Inc*., 488 F. Supp. 2d 1117, 1126, n.10 (D. Nev. 2007). That court explained, "The fact that those claimants were not identified or interviewed at the time of the conciliation does not change the result of this Court's decision [to permit EEOC to go forward with their claims]." *Id*. at 1129, n.14. The court noted that the defendant "was in a position [before suit was filed] to confront the EEOC with any concerns that it might have had concerning alleged harassment occurring in its stores, albeit those concerns would have been directed toward a narrower group of individuals." *Id*.; *see also EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 941-42 (ND Ill. 2001)(holding that EEOC's conciliation was adequate in class sex harassment action where EEOC added class members whose identities were not known at the time of conciliation).[2]

Dismissing EEOC's lawsuit with prejudice would dramatically alter EEOC's ability to bring lawsuits alleging discriminatory policies or practices. In effect, EEOC would have to

---

[2] *See also EEOC v. David Lerner Assoc., Inc.,* No. 3:05CV292 (MRK), 2005 WL 2850080, at *3 (D. Conn., Oct. 27, 2005) (class sex harassment case) (EEOC's conciliation obligation does not require the Commission to identify every potential claimant); *Dinkins v. Charoen Pokphand USA, Inc.,* 133 F. Supp.2d 1237, 1246 (M.D. Ala. 2001) (class sex harassment case) (EEOC may make Title VII class claims on behalf of individuals for whom it did not engage in conciliation efforts); *EEOC v. Chrysler Corp.,* 546 F. Supp. 54, 62 (E.D. Mich. 1982) (ADEA case)(EEOC not required to attempt to conciliate claims on behalf of each individual in a large class, as such a requirement would reward employers who discriminate on a large scale).

identify all class members during its administrative investigation before it could bring a lawsuit. Educated employers (like UPS) would have a perverse incentive not to comply with EEOC's investigation of such cases, knowing that EEOC could not bring a class lawsuit without knowing all of the victims beforehand. Such a decision could grind EEOC's investigations – and litigation - to a halt.

Moreover, the practical effect of such a ruling would obliterate the "short and plain" statement requirement of Rule 8(a). For example, in EEOC's leave practice lawsuit against Sears, Roebuck & Co., EEOC identified approximately 235 class members in discovery. As discussed previously, the alleged violations in this case closely mirror those alleged in *Sears*. If EEOC were required to provide the specific factual allegations for each claimant (like it did for Momsen and Luvert, which were approximately 2 pages each), the complaint could be in excess of 500 pages in length – depending on the size of the class.[3]

Lastly, EEOC need not specifically identify each class member in the case because the Commission, not the employees, is the plaintiff in the case. Courts are deferential to EEOC's prosecutorial discretion when it involves adding claimants to its lawsuits. *EEOC v. Waffle House, Inc.*, 122 S.Ct. 754, 763 (2002) ("EEOC [is] the master of its own case"); *In Re Bemis Co., Inc.*, 279 F.3d 419 (7th Cir. 2002) ("Having to persuade the district court that the class was numerous and homogeneous … would interfere with the Commission's exercise of its

---

[3] And, even at that length, the Complaint could not request relief for victims of this practice who had not yet been discriminated against as of the date the Complaint was filed (the First Amended Complaint alleges a continuing violation of the ADA), thus necessitating additional lawsuits to provide them relief. Such a result would not only be judicially inefficient, but would presumably be less desirable to the Defendant who, without the benefit of a global resolution, would be at risk of being named in numerous additional lawsuits.

prosecutorial discretion").[4]  EEOC has alleged Defendant's leave policy violated the ADA.  The First Amended Complaint sets forth sufficient facts to state a claim which is plausible on its face; what is left for EEOC is to locate additional victims of this discriminatory practice.

## CONCLUSION

As this Court points out, EEOC may indeed have "a tough row to hoe" in attempting to prove that its class members either could have returned to work after being off work for 52 weeks, or could have returned *during* that period if they had been reasonably accommodated by defendant. UPS again takes up much of its brief reiterating the point that such claims are often lost on summary judgment.  But the fact that EEOC may have difficulty proving that many of the employees fired by UPS under its practice were indeed qualified individuals with disabilities who could have performed their jobs if provided with a reasonable accommodation, has nothing to do with the fact that EEOC has sufficiently pled a claim on their behalf.

For the foregoing reasons, Defendant's Motion to Dismiss Class Claims should be DENIED.

Dated: December 17, 2010       Respectfully submitted,

/s/ Jeanne B. Szromba
Jeanne B. Szromba
Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661

---

[4] Even plaintiffs in Rule 23 class action cases are not required to identify all class members at the pleading stage.

## <u>CERTIFICATE OF SERVICE</u>

Jeanne B. Szromba, an attorney, hereby certifies that she caused a copy of the foregoing Plaintiff EEOC's Response to Defendant's Motion to Dismiss Class Claims, to be served via the court's electronic filing system, to counsel of record at the following address:

John A. Klages
Gary R. Clark
Ellen M. Girard
Quarles & Brady, LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60054
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com


For Plaintiff-Intervenor Momsen
David Hemenway
Law Office of David A. Hemenway, P.C.
300 S. Wacker Dr., Ste. 1700B
Chicago IL, 60606
employmentlaw@mac.com


Dated: December 17, 2010                    /s/ Jeanne B. Szromba
                                            Jeanne B. Szromba