**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) TRUDI MOMSEN, ) ) Plaintiff-Intervenor, ) ) v. ) ) UNITED PARCEL SERVICE, INC., ) ) Defendant. ) | CASE NO. 09-cv-5291 Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant United Parcel Service's ("UPS") motion to dismiss [49] the proposed class action claims of Plaintiff Equal Employment Opportunity Commission's ("the EEOC") first amended complaint [44]. For the reasons set forth below, Defendant's motion to dismiss [49] is granted.

**I. Background**[1]

The EEOC filed an original complaint on behalf of former UPS employee Trudi Momsen alleging that UPS violated Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 ("Civil Rights Act") by permitting Momsen only a twelve-month leave of absence and failing to provide her with reasonable accommodation for her disability. The Court dismissed the original complaint with leave to refile because the claim did not sufficiently plead that Momsen was qualified to perform the essential functions of the job

---
[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's first amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

with or without reasonable accommodation. The EEOC thereafter filed a first amended complaint asserting claims on behalf of Momsen as well as Mavis Luvert and unidentified class members. The EEOC alleges that UPS has violated the ADA and Civil Rights Act because it inflexibly permits only twelve-month leaves of absence for disabled individuals and does not provide for reasonable accommodation of those individuals.[2]

The EEOC alleges that Momsen was a UPS employee who took a medical leave of absence from February 2006 to February 2007 for reasons related to her multiple sclerosis ("MS"). When Momsen returned to work in February 2007, she requested reasonable accommodations from UPS, including a hand cart that would allow her the mobility required to perform her job duties. The EEOC contends that when Momsen requested a hand cart, her supervisor laughed in response, and UPS refused to provide her with this or any other accommodation for her disability. Momsen thereafter injured herself when she slipped on ice while walking to her car in the UPS parking lot. In addition, after returning to work, Momsen experienced a flare-up of her MS that required her to take additional time off to receive therapeutic treatment. The EEOC alleges that UPS fired Momsen pursuant to its twelve-month leave policy rather than accommodating her by extending her leave or offering her other reasonable accommodations. The EEOC contends that, despite her disability, Momsen could perform the essential functions of her job.

The EEOC alleges that Mavis Luvert is a qualified individual with a disability who could perform the essential functions of her job with or without an accommodation. Luvert was diagnosed with emphysema and frequently has difficulty breathing, particularly when the

---

[2] As described in the September 2010 opinion [42], during the employee's 12 month absence, UPS keeps the individual's position open and allows her to continue to receive benefits. However, if an employee has been unable to return to work for a twelve month period, UPS administratively clears the employee, which entails separating the employee, ending her benefits, and filling the position.

temperature is high.  In July 2006, Luvert was transferred to an area of the UPS facility that had a relatively warm temperature and limited ventilation.  The EEOC alleges that Luvert presented UPS with a doctor's note advising that she work only in a well-ventilated area.  Luvert requested that UPS allow her to return to her original area where the ventilation was better.  The EEOC alleges that in response to Luvert's request, UPS placed Luvert on a disability leave of absence of more than twelve months and then fired her.  According to the EEOC, Luvert could have continued her employment with UPS if UPS had provided a fan as a reasonable accommodation for her in her new work location or if UPS had returned her to her original work area.  However, the EEOC alleges, UPS never had any discussions with Luvert concerning possible accommodations and fired her pursuant to its twelve-month leave policy.

In addition to its detailed allegations concerning Momsen and Luvert, the EEOC also has asserted claims on behalf of a purported class of unidentified individuals with disabilities who were subjected to UPS's allegedly unlawful employment practices.  The EEOC alleges that each purported class member is a qualified individual with a disability who could perform the essential duties of his or her job with or without a reasonable accommodation.  The EEOC alleges that UPS should have but did not make reasonable accommodations for class members to permit them to perform the essential functions of their jobs.

UPS filed a motion to dismiss in part the EEOC's first amended complaint.  UPS does not seek dismissal of the claims asserted on behalf of Momsen and Luvert.  UPS does, however, move to dismiss the EEOC's claims on behalf of class members aside from Momsen and Luvert on the ground that the EEOC has not pleaded (and cannot plead) sufficient facts regarding the putative class members' alleged disabilities, the leaves of absence they were afforded, or the reasonable accommodations that UPS purportedly failed to provide for them.

## II. Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

Under the ADA, it is unlawful for an employer to fail to make reasonable accommodations to qualified individuals with disabilities. 42 U.S.C. §§ 12112(b)(5)(A), 12112(a). To establish a prima facie case of such a violation, the EEOC must show that the individuals on whose behalf they assert a claim under the ADA (1) are disabled and (2) are otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that the individuals' employer took adverse job actions against them

because of their disabilities or failed to make reasonable accommodations. See *Stevens v. Illinois Dep't of Transp.*, 210 F.3d 732, 736 (7th Cir. 2000); *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 545 (7th Cir. 2008). When the EEOC files a claim under the ADA, "it is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief by providing allegations that raise a right to relief above the speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 777 (7th Cir. 2007) (citations and quotation marks omitted). The EEOC's complaint must plead sufficient facts to put the employer on notice of the claims against it and to state a claim to relief that is plausible on its face. See *Concentra Health Servs.,* 496 F.3d at 776.

The EEOC alleges that all unidentified class members are disabled and "could perform the essential duties of his or her job with or without a reasonable accommodation." [44, at ¶ 9.] The EEOC further contends that UPS failed to reasonably accommodate the unidentified class members' disabilities by maintaining an inflexible twelve-month leave policy. According to the EEOC, UPS's leave policy resulted in the termination of the unidentified class members' employment rather than reasonable accommodation of their disabilities. The first amended complaint does not allege any specific facts regarding what the unidentified class members' disabilities are, the conditions of their termination or leave, or what accommodations would have been suitable for them to return to work.[3]

UPS argues that the EEOC's first amended complaint does not satisfy the *Twombly* pleading standard because the complaint includes only conclusory and formulaic statements regarding unidentified class members' qualification for protection under the ADA. See

---

[3] According to the EEOC, "the reasonable accommodations which UPS should have made available to class members to permit them to perform the essential functions of their jobs would not have all been the same, since disabilities may vary significantly." [44, at ¶ 27.] However, the EEOC does not allege any facts regarding what those varying disabilities or accommodations might have been for any class members other than Momsen or Luvert.

*Twombly*, 550 U.S. at 570 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although the factual basis required under *Twombly* will "depend on the type of case," the mere "formulaic recitation of the elements" of a claim is prohibited. See *Twombly,* 550 U.S. at 555. The EEOC "must provide some specific description of [the protected conduct] beyond the mere fact that it is protected," and the allegations must "*specifically* indicate that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Concentra Health Servs., Inc.*, 496 F.3d at 781 (emphasis added). UPS argues that the EEOC has failed to provide such specific descriptions with respect to class members other than Momsen and Luvert, and that the claims that it asserts on behalf of those unidentified class members therefore must be dismissed.

The EEOC counters that its allegations on behalf of unidentified class members satisfy the pleading standard because they put UPS on notice of the claims against UPS. In support of its argument, the EEOC cites a one-paragraph, unpublished minute order entered in *EEOC v. SuperValu, Inc.*, No. 09 CV 5637 (N.D. Ill. Mar. 8, 2010), in which Judge Guzman denied a motion to dismiss on the grounds that the EEOC had not pleaded itself out of court in regard to whether it failed to conciliate and was not required to anticipate or plead around the affirmative defense of failure to conciliate. However, that case is inapposite. It does not discuss the application of Rule 8 to an EEOC complaint on behalf of a purported class, and the EEOC fails to articulate any link between the failure-to-conciliate issue addressed in that case and the issues currently before the Court.

As this Court previously explained, another case between the EEOC and SuperValu bears more directly on the sufficiency of the operative complaint, and that case supports UPS far more than it supports the EEOC. In *EEOC v. SuperValu, Inc.*, 674 F. Supp. 2d 1007, 1011 (N.D. Ill.

6

2009), the EEOC alleged that "[a]t all relevant times, Patricia Scheid was a qualified individual with a disability within the meaning of Section 101(8) of the ADA." As UPS points out, Judge Bucklo in fact *granted* in part the defendant's motion to dismiss on the ground that as the EEOC's allegation that Scheid was a qualified individual under the ADA is "precisely the type of conclusory, formulaic assertion that was disapproved by *Twombly*." *Id*. The court also reiterated that "a complaint alleging discrimination under the ADA must plead with adequate specificity that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Id.* at 1014.

Here, the EEOC's first amended complaint uses the same conclusory language with respect to the unidentified class members that Judge Bucklo concluded failed the *Twombly* standard in *SuperValu*. See 674 F. Supp. 2d at 1011. Therefore, not only does that case fail to support the EEOC's position, but, in fact, it bolsters UPS's argument for dismissal. See *id.*

The EEOC also cites a number of cases alleging violations of Title VII of the Civil Rights Act cases (rather than violations of the ADA) in an effort to show that its complaint passes muster under *Twombly*. See *EEOC v. UPS*, 94 F.3d 314, 320-21 (7th Cir. 1996) (denying summary judgment of a Title VII action regarding the wearing of beards for religious purposes); *EEOC v. UPS*, 860 F.2d 372, 374- 376 (10th Cir. 1988) (reversing a grant of summary judgment and concluding that the EEOC can proceed without identifying class members in a Title VII action). The Seventh Circuit has held that "a plaintiff alleging employment discrimination on the basis of race, sex, or some other factor governed by 42 U.S.C. § 2000e-2 may allege the defendant's intent quite generally." *Concentra Health Servs., Inc.*, 496 F.3d at 781. However, discrimination on the basis of disability is not among the factors governed by 42 U.S.C. § 2000e-2. *Id.* As this Court observed in its previous order dismissing the EEOC's original complaint,

"[b]ecause disability, unlike race, in some circumstances can be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate detail that the plaintiff is qualified to perform the essential function of the job with or without reasonable accommodation." [42, at 9-10 (citing *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008)).] In other words, allegations under Title VII may be more generalized than those under the ADA. The cases upon which the EEOC relies are thus unpersuasive in the context of this case.

The EEOC further contends that it would be prejudiced in bringing future claims if it were required to identify all class members before filing such claims, as it could be stonewalled from retrieving vital information. The EEOC argues that companies like UPS "would have a perverse incentive not to comply with EEOC's investigation of such cases, knowing that EEOC could not bring a class law suit without knowing all of the victims beforehand." [53, at 6.] This argument likewise is unavailing. To begin with, there is a considerable gulf between stating a plausible claim with sufficient detail to provide fair notice and identifying every single potential class member. Moreover, as UPS points out, "Sections 706 and 707 of Title VII, incorporated into the ADA by 42 U.S.C § 12117(a), require the EEOC to investigate and conciliate claims before it files suit." [54, at 10.] Additionally, the EEOC has the power to issue subpoenas as part of its broad investigative powers. See *E.E.O.C. v. Sidley Austin Brown & Wood*, 315 F.3d 696, 701 (7th Cir. 2002) (ordering full compliance with EEOC subpoenas seeking to determine if partners were employees); *E.E.O.C. v. United Air Lines, Inc.*, 287 F.3d 643, 653 (7th Cir. 2002) (holding that EEOC may issue administrative subpoenas to seek evidence regarding employment practices other those specifically charged by complainants); *E.E.O.C. v. Lakeside Bldg. Maintenance, Inc.*, 255 F. Supp. 2d 871, 873 (N.D. Ill. 2003) (upholding EEOC subpoenas

seeking interviews with managers and employees after individual complainant settled claim to discover whether there was general pattern of discriminatory hiring and job assignment). That power provides a strong antidote to the EEOC's professed concerns about concealment of relevant information.

Taken together, the EEOC powers and duties referenced in the preceding paragraph support the view that the EEOC both can and should do better in presenting its class allegations so that they set forth in more detail the factual basis for their ADA claims. In particular, it would appear that the EEOC could have used its investigative power to learn considerably more about the putative class members and the basis for their claims even without the aid of formal discovery in this lawsuit.[4]

Finally, the EEOC argues that because of its prosecutorial discretion to add claimants to its lawsuits, it need not specifically identify each class member in the case. As the EEOC stresses, it – not the employees on whose behalf it asserts claims – is the plaintiff in the case. The EEOC further argues that governing precedent exempts it from following the Rule 23 requirements for class certification. See *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 288 (2002); *In re Bemis Co., Inc.*, 279 F.3d 419, 421 (7th Cir. 2002). Although the EEOC may not have to identify the class members whom they are representing to be certified under Rule 23, the Seventh Circuit's decision in *Concentra Health Servs.*, 496 F.3d at 776-77, among other cases, establishes that the EEOC is not exempt from the standard pleading requirements. In other words, irrespective of the applicability of Rule 23 class certification procedures, the EEOC still must include sufficient facts to put UPS on notice of the nature of the claim(s) and must state a plausible claim for relief.

---

[4] Indeed, the EEOC acknowledges that "the identities of the potential class members [are] readily available to UPS," and "[t]he number of the UPS employees fired after taking a 52-week leave of absence during the relevant time period is relatively small and distinct." [53, at 3.]

In sum, the Court concludes that the EEOC has not alleged adequate factual information in its complaint with respect to the unidentified class members as it has not pleaded with adequate specificity facts establishing the plausibility of a claim that each class member is a qualified individual under the ADA who could have performed his or her job with or without a reasonable accommodation. Without additional detail, the EEOC's allegations do not "raise a right to relief above the speculative level." *Concentra Health Servs., Inc.,* 496 F.3d at 777. The Court therefore grants UPS's motion to dismiss the claims with respect to unidentified class members (*i.e.*, those other than Momsen and Luvert). The Court will give the EEOC one final opportunity to file within 21 days a motion for leave to file a second amended complaint if it believes that it can cure the pleading defects identified above. If no such motion is filed – or if leave to amend is denied – the case will proceed on behalf of Plaintiffs Momsen and Luvert only.

## IV. Conclusion

For the reasons set forth above, the Court grants UPS's motion to dismiss [49] the EEOC's first amended complaint [44] with respect to the claims asserted on behalf of unidentified class members, not including the claims with respect to Momsen and Luvert. The EEOC is given one final opportunity to file within 21 days a motion for leave to file a second amended complaint if it believes that it can cure the pleading defects identified above. If no such motion is filed – or if leave to amend is denied – the case will proceed on behalf of Plaintiffs Momsen and Luvert only.

Dated:  September 28, 2011

_____
Robert M. Dow, Jr.
United States District Judge