IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | No. 09 C 5291 |
| Plaintiff, | ) ) | |
| And | ) ) | |
| TRUDI MOMSEN, | ) ) | Judge Robert M. Dow, Jr. |
| Plaintiff-Intervenor | ) ) | Magistrate Judge Schenkier |
| v. | ) ) | |
| UNITED PARCEL SERVICE, INC., | ) ) | |
| Defendant | ) ) | |

**EEOC'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Plaintiff Equal Employment Opportunity Commission ("EEOC") hereby moves this Court for leave to file EEOC's Second Amended Complaint. In support of its motion, EEOC states as follows:

1. On September 28, 2011, this Court granted Defendant UPS's Motion to Dismiss EEOC's claims with regard to unidentified class members in this Americans with Disabilities case. EEOC's Amended Complaint alleged that UPS violated Section 102(b)(5) of the ADA by maintaining an inflexible 12-month leave policy that was applied by the Company to terminate qualified individuals with a disability rather than returning them to work with a reasonable accommodation.

2. EEOC received Notice of the Court's order on September 29, 2011.

3. In its order the Court gave the EEOC an "opportunity to file within 21 days a

motion for leave to file a second amended complaint."

4. Pursuant to this Court's September 28, 2011 order, EEOC submits a Second Amended Complaint, which is attached as Exhibit A.

5. EEOC's Second Amended Complaint adds the additional claim that Defendant's inflexible twelve-month leave policy violates Section 102(b)(6) of the Americans with Disabilities Act: By administratively terminating all employees at the end of a twelve-month leave period regardless of whether any such employee is a qualified individual with a disability who could be returned to work with or without a reasonable accommodation, Defendant's twelve-month leave policy acts as a "qualification standard, employment test or other selection criteria" that screens out or tends to screen out a class of individuals with disabilities and is not job-related or consistent with business necessity.

6. Although EEOC's Second Amended Complaint does not contain additional factual material with regard to any unidentified class member, EEOC's Second Amended Complaint clarifies that in addition to the two named victims EEOC is seeking relief for additional qualified individuals with disabilities who will be identified via discovery and who were victims of the same common violation: each unnamed qualified individual with a disability on whose behalf EEOC will seek relief was terminated by UPS pursuant to its inflexible application of the same blanket twelve-month leave policy.

7. The Supreme Court has said that it is the pleader's responsibility "to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Describing this standard in light of the Supreme Court's recent rulings on Fed. R. Civ. P. 8, the Seventh Circuit explained that to state a claim for relief "the plaintiff must give enough details about the subject matter of the case to present a story that holds together." *See Swanson v.*

*Citibank*, 614 F.3d 400, 404 (7th Cir. 2010). The Seventh Circuit reaffirmed that Fed. R. Civ. P. 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and emphasized that "none of the recent decisions case doubt on the validity of Rule 8." *Id*. at 403-04.

8. EEOC's Second Amended Complaint alleges that UPS maintained a policy of affording qualified individuals with a disability only an inflexible twelve-month leave of absence and failing to accommodate those employees, and that this practice created a job retention policy that screened out qualified individuals with a disability. EEOC has identified two individual employees who were affected by this policy and described in detail their disabilities and how they might have been accommodated. EEOC has also indicated that the agency will seek relief only for other qualified individuals with disabilities who were terminated pursuant to the application of the policy during a specified period of time. While EEOC does not yet know the identities of all of the disabled employees who were affected by UPS's leave policy, EEOC has identified a specific policy that was applied in violation of the ADA, and the universe of those employees who were affected by the policy (all those fired by UPS after taking 52 weeks of medical leave during the relevant time period) and has demonstrated how that policy affected two victims. EEOC's Complaint thus states a plausible violation of both Sections 102(b)(5) and (b)(6) of the Americans with Disabilities Act, puts UPS on notice of EEOC's claims and has given "enough details about the subject matter of the case to present a story that holds together." *Swanson*, 614 F.3d at 404.

WHEREFORE, Plaintiff EEOC respectfully requests that this Court grant EEOC leave to file EEOC's Second Amended Complaint.

DATED: October 20, 2011 Respectfully submitted,

/s/ Deborah L. Hamilton
Deborah L. Hamilton A.R.D.C. # 06269891
Jeanne B. Szromba
Trial Attorneys
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-869-8110
deborah.hamilton@eeoc.gov

## **CERTIFICATE OF SERVICE**

Deborah L. Hamilton, an attorney, hereby certifies that she caused a copy of the foregoing Plaintiff EEOC's Motion to For Leave to File Second Amended Complaint, to be served via the court's electronic filing system, to counsel of record at the following address:

John A. Klages
Gary R. Clark
Ellen M. Girard
Quarles & Brady, LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60054
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com


For Plaintiff-Intervenor Momsen
David Hemenway
Law Office of David A. Hemenway, P.C.
300 S. Wacker Dr., Ste. 1700B
Chicago IL, 60606
employmentlaw@mac.com


Dated: October 20, 2011 /s/ Deborah L. Hamilton
Deborah L. Hamilton