IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-plaintiff, | ) ) ) ) | No. 09 CV 5291 |
| v. | ) ) | Judge Robert Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) | |

**SUR-REPLY IN OPPOSITION TO EEOC'S MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

EEOC admits in its reply brief that its proposed Second Amended Complaint added no new factual detail regarding the unidentified class members and that its new claim under 42 U.S.C. §12112(b)(6) is no different from its (b)(5) claim in that both are premised on its belief that UPS should have offered a reasonable accommodation in addition to 12 months off of work to the employees separated pursuant to UPS's 12-month policy.  Nor does EEOC dispute that the section 12112(b)(6) qualification standard claim is identical to the (b)(5) failure to accommodate claim in that both only apply to qualified individuals with a disability.  This begs the question why EEOC would even seek leave to file this Second Amended Complaint, when it does nothing to cure the defects in the class allegations from its two prior complaints?

Similarly puzzling is that EEOC's reply brief is filled with the *exact same arguments* from EEOC that *this Court has previously rejected in its orders*.  The end result is essentially a motion for reconsideration that adds nothing new and fails to identify anything the Court failed to consider in its previous orders.  As such, leave to file this Second Amended Complaint should be denied for the same reason the class allegations have now been dismissed twice:

QB\15479622.3

> In sum, the Court concludes that the EEOC has not alleged adequate factual information in its complaint with respect to the unidentified class members as it has not pleaded with adequate specificity facts establishing the plausibility of a claim that each class member is a qualified individual under the ADA who could have performed his or her job with or without a reasonable accommodation. Without additional detail, the EEOC's allegations do not raise a right to relief above the speculative level.

(September 28, 2011 Order, p. 10).

## ARGUMENT

All of the EEOC's arguments boil down to the notion that the EEOC should be exempt from the requirement that it demonstrate a plausible basis for relief on the face of the complaint and permitted to simply give notice of the practice it challenges (UPS's 12-month policy) and its proposed class ("all those fired by UPS after taking 52 weeks of medical leave"). Notably, the EEOC defines the class as every *individual* separated under the policy because it deems the ADA's qualified individual with a disability requirement irrelevant to the merits of whether UPS's 12-month policy violates the ADA and a mere formality to be dealt with as part of determining damages.[1]

The problem, however, is that EEOC's premise is fundamentally flawed in that treating an individual disparately due to a disability (or refusing a reasonable accommodation) does not violate the ADA unless that individual is a qualified individual with a disability. Thus, EEOC's attempt to entirely ignore this element with regard to the unidentified class members leaves EEOC alleging a practice (separating individuals who have been unable to work for 12 months) that does not violate the ADA as a matter of law. It also means EEOC cannot meet the minimum

---

[1] *See e.g.* (Reply brief, Docket # 63, pp. 2-3) (These facts make it plausible . . . that when UPS applied this policy nationwide, it illegally discriminated against other disabled individuals as well. The number of individuals who may be entitled to relief if the EEOC proves its claim is a separate question: multiple claimants are not equivalent to multiple claims."); (Reply brief, Docket #63, p. 9) ("[w]hile EEOC does not yet know the identities of all of the disabled employees who were affected by UPS's leave policy, EEOC has identified a specific policy that was applied in violation of the ADA and the universe of those employees who were affected by the policy: all those fired by UPS after taking 52 weeks of medical leave during the relevant time period.").

pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007), since EEOC's proposed Second Amended Complaint alleges nothing to make it plausible that even one member of the unidentified class was a qualified individual with a disability capable of performing his or her job with or without reasonable accommodation despite missing 12 months of work. Nor does EEOC's new 42 U.S.C. §12112(b)(6) qualification standard claim remedy this defect, since: (i) section 12112(b)(6) likewise only applies to qualified individuals with a disability; and (ii) the ability to regularly attend work without missing multiple months is an essential job function - not a qualification standard.

As for EEOC's retread arguments on its separateness from its claimants, the inapplicability of Rule 23 to its claims and asking the Court to follow Title VII precedent, these arguments are as flawed now as they were when EEOC made them the first time. This Court has previously heard these arguments and rejected them as contrary to the plain language of the ADA and binding Seventh Circuit precedent. And, as EEOC has done nothing to cure the defects in its class allegations and offered nothing new in support of these claims, leave to file its Second Amended Complaint should be denied.

> **A.** **EEOC Must Plead Sufficient Facts Regarding the Proposed Class Members to Allow the Court to Reasonably Infer they Are Qualified Individuals With a Disability.**

A major flaw in EEOC's notion that it only needs to identify a practice as violating the ADA (UPS's 12-month policy) and give notice of its intended class (all individuals separated under the policy) is that *this conclusion does not even allege a violation of the ADA*. EEOC has completely glossed over the fact that, unlike Title VII or other laws that prohibit discrimination against any *individual*, the ADA only prohibits discrimination against qualified individuals with a disability. *See Nowak v. St. Rita High School*, 142 F.3d 999, 1002 (7th Cir. 1998) ("[T]he

ADA's proscription against employment discrimination protects only the class of persons who are qualified individuals with a disability."); *Weigel v. Target Stores*, 122 F.3d 461, 465 (7th Cir. 1997) (ADA claim requires proof of membership in protected class - proof that employee is a qualified individual with a disability); *Hamm v. Exxon Mobil Corp.*, 223 Fed. Appx. 506, 508 (7th Cir. 2007) ("The employment provisions of the ADA only protect qualified individuals."). This means that the EEOC has completely glossed over the most fundamental requirement for bringing an ADA claim - whether anyone in its proposed class is a qualified individual with a disability capable of performing the essential functions of his or her job. *See Hohider v. United Parcel Service*, 574 F.3d 169, 192, 195 (3rd Cir. 2009) (retired Supreme Court Justice Sandra Day O'Connor, sitting by designation) (a finding that the employer discriminated against, or failed to make reasonable accommodation for, a class of individuals is a meaningless finding unless there first is a related finding that each such individual was a qualified individual with a disability).[2]

As there is no violation of the ADA without a qualified individual with a disability, this Court held in its prior Order that a plaintiff must plead sufficient facts to allow the Court to reasonably infer this essential element for the proposed class: "***Because disability, unlike race, in some circumstances can be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate detail that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation.***" (September 10, 2010 Order, pp. 9-10) (emphasis supplied). Similarly, "just

---

[2] EEOC cites to the Tenth Circuit's pre-*Twombly* ruling in *Davoll v. Webb*, 194 F.3d 1116 (10th Cir. 1999), to support its contention that it has alleged a violation of the ADA regardless of whether any of the purported class members are qualified individuals with disabilities and that this is an issue for damages. This argument, however, is directly contrary to the Seventh Circuit's holdings on the subject cited above as well as the Third Circuit's opinion in *Hohider* with Justice O'Connor sitting by designation. As such, *Davoll v. Webb* does nothing to support EEOC's position.

as in the retaliation context a complaint must provide some factual basis for the assertion that an employee's conduct is protected, a complaint asserting discrimination under the ADA must provide some allegation or allegations specifically indicating that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Id.*, pp. 8-9; *see also EEOC v. Supervalu*, 2009 WL 4824697 (N.D. Ill. Dec. 15, 2009).

      **B.**      **EEOC Has Failed to Plead Anything To Allow the Court to Reasonably Infer that Even One Unidentified Class Member Was a Qualified Individual With a Disability.**

This Court was explicit in its September 28, 2011 Order on what EEOC needed to do in any amended complaint: "[t]he EEOC must provide some specific description of the protected conduct beyond the mere fact that it is protected, and the allegations must *specifically* indicate that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Id.* at p. 6, *citing EEOC v. Concentra*, 496 F.3d at 781 (emphasis in original). Yet, despite this clear guidance from the Court, EEOC has now pled for the third time the exact same formulaic conclusion that all unidentified class members are qualified individuals with disabilities. The exact same formulaic conclusion that "does not allege any specific facts regarding what the unidentified class members' disabilities are, the conditions of their termination or leave, or what accommodations would have been suitable for them to return to work." (September 28, 2011 Order, p. 5). The exact same formulaic conclusion that this Court has now twice rejected as inadequate to satisfy the *Twombly* minimum pleading requirements.

EEOC continues to offer the exact same formulaic conclusion in spite of the fact that EEOC cannot plead one fact to support its conclusion. Indeed, ***EEOC conceded in a prior brief that it did not investigate any further than Momsen and Luvert and has no idea if even one***

*individual in the proposed class was a qualified individual with a disability at the time of his or her separation.* (Docket #53, p. 2). Stated another way, EEOC has no factual basis for believing that even one of the proposed class members was capable of performing the essential functions of his or her job after being unable to work for 12 months at the time of separation. This complete lack of a factual basis for bringing a class claim on behalf of potentially hundreds of individuals is especially troubling in light of the fact that the Seventh Circuit has held the "[i]nability to work for a multi-month period removes a person from the class protected by the ADA." *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 380-81 (7th Cir. 2003). Indeed, the Seventh Circuit has never found an employee on a leave of absence of two months or more to be a qualified individual with a disability. *See Byrne*, 328 F.3d at 380-81 (inability to work for *two months* removed the employee from the class protected by the ADA); *Oestringer v. Dillard Store Services, Inc.*, 92 Fed. Appx. 339, 341-42 (7th Cir. 2004) (not a qualified individual at time of termination because employee had missed *six weeks* of work on a medical leave and had not provided any return to work date yet); (UPS's Response to Motion for Leave to Amend, Docket #62, pp. 6-8). It is also directly contrary to the directive that EEOC must have some plausible basis for its claims beyond mere speculative guessing: "[w]hen the EEOC files a claim under the ADA, 'it is not enough for a complaint to *avoid foreclosing* possible bases of relief; it must actually *suggest* that the plaintiff has a right to relief by providing allegations that raise a right to relief above the speculative level.'" (September 28, 2011 Order, p. 5), *quoting EEOC v. Concentra Health Servs.*, 496 F.3d 773, 777 (7th Cir. 2007) (emphasis in original).

      **C.**     **EEOC's Reliance on Title VII Authority Ignores the Qualified Individual With a Disability Requirement Under the ADA.**

As it has done throughout this case, EEOC cites to Title VII precedent and asks this Court to treat its class claim like a Title VII race or sex discrimination case. This, however,

ignores the point made previously that the ADA differs from Title VII in that it does not prohibit discrimination against any individual, but only prohibits discrimination against qualified individuals with a disability. EEOC's argument also ignores the fact that this Court has now twice pointed out this distinction between the ADA and Title VII in finding Title VII authority to be inapposite to the issues in this case:

> The EEOC also cites a number of cases alleging violations of Title VII of the Civil Rights Act cases (rather than violations of the ADA) in an effort to show that its complaint passes muster under *Twombly*. [citations omitted]. The Seventh Circuit has held that a plaintiff alleging employment discrimination on the basis of race, sex or some other factor governed by 42 U.S.C. §2000e-2 may allege the defendant's intent quite generally. However, discrimination on the basis of disability is not among the factors governed by 42 U.S.C. §2000e-2. As this Court observed in its previous order dismissing the EEOC's original complaint, because disability, unlike race, in some circumstances can be a legitimate consideration in employment decisions, a complaint alleging discrimination under the ADA must plead with adequate detail that the plaintiff is qualified to perform the essential function of the job with or without reasonable accommodation. In other words, ***allegations under Title VII may be more generalized than those under the ADA. The cases upon which the EEOC relies are thus unpersuasive in the context of this case.***

(September 28, 2011 Order, pp. 7-8) (emphasis supplied); *see also* (September 10, 2010 Order, pp. 7-8) ("Here, the question is not whether the EEOC has alleged UPS's *intent* to discriminate with enough specificity; instead, the question is what a complaint must say in order to adequately allege that a person is a qualified individual with a disability.").

Similarly, EEOC gets no mileage out of trying to compare the qualified individual with a disability requirement for ADA claims with the *McDonnell-Douglas* burden-shifting paradigm's requirement that an employee prove he was qualified for the position in question. A person must be a qualified individual with a disability to establish a violation of the ADA whereas Title VII is violated if an individual is discriminated against on account of a protected characteristic. The

*McDonnell-Douglas* burden shifting paradigm is not a separate violation of Title VII, but is a method to prove intentional discrimination under the Act. Indeed, as the Seventh Circuit has repeatedly made clear, the burden of proof on a Title VII claim is simply to prove that the employer discriminated against the individual on account of a protected characteristic. *See Hossack v. Floor Covering Assocs. Of Joliet*, 492 F.3d 853, 861 (7th Cir. 2007) (*McDonnell-Douglas* is irrelevant at trial because "[d]uring and after any Title VII trial, the sole legal issue is whether the plaintiff presented sufficient evidence to permit a rational jury to determine that she was the victim of intentional discrimination."). This is equally true for sexual harassment claims, which are nothing more than discrimination with regard to the terms and conditions of employment on the basis of sex - and have no eligibility prerequisite like the ADA's qualified individual with a disability requirement. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1994).

> **D.  EEOC's Arguments Regarding Its Separateness from Claimants and the Inapplicability of Rule 23 Have Also Been Previously Rejected as Irrelevant to Its Failure to Adequately Plead the Class Claims.**

Also identical to the prior complaints, EEOC once again argues that it is the plaintiff in the case (not the employees on whose behalf it asserts claims), is exempt from Rule 23's requirements and "because of its prosecutorial discretion to add claimants to its lawsuits, it need not specifically identify each class member in the case." (September 28, 2011 Order, p. 9) (summarizing EEOC's arguments). And the same reason these arguments were rejected previously is equally applicable here:

> Although the EEOC may not have to identify the class members whom they are representing to be certified under Rule 23, the Seventh Circuit's decision in *Concentra Health Servs*., 496 F.3d at 767-77, among other cases, establishes that the EEOC is ***not exempt*** from the standard pleading requirements. In other words, irrespective of the applicability of Rule 23 class certification procedures, the EEOC still must include sufficient facts to put UPS

> on notice of the nature of the claim(s) and must state a plausible claim for relief.

(September 28, 2011 Order, p. 9) (emphasis supplied).

Similarly, EEOC gets no mileage from once again arguing it is not required to identify every class member in order to meet *Twombly*'s minimum pleading requirements. As this Court held: "[t]o begin with, there is a considerable gulf between stating a plausible claim with sufficient detail to provide fair notice and identifying every single potential class member." (September 28, 2011 Order, p. 8). And EEOC has done nothing to explore this gulf, since it previously admitted it cannot identify any other individual besides Momsen and Luvert. Indeed, the Court previously noted that - due to EEOC's considerable investigation powers - EEOC could have and should have done better in trying to allege a claim that extends beyond Momsen and Luvert:

> Taken together, the EEOC powers and duties referenced in the preceding paragraph support the view that the EEOC both can and should do better in presenting its class allegations so that they set forth in more detail the factual basis for their ADA claims. In particular, it would appear that the EEOC could have used its investigative power to learn considerably more about the putative class members and the basis for their claims even without the aid of formal discovery in this lawsuit."

(September 28, 2011 Order, p. 9).[3]

---

[3] EEOC also ignores the fact that it has been sanctioned on more than one occasion for the "sue first, ask questions later" strategy it wants to employ here. This strategy has been criticized by other courts as the wholesale abandonment of its statutory obligation to investigate and conciliate its claims before filing suit and, in one case, resulted in an award of $4.2 million in attorneys' fees to the defendant. In *EEOC v. CRST Van Expedited, Inc.,* 2009 WL 2524402 (N.D. Iowa Aug. 13, 2009), the EEOC brought a Title VII sexual harassment lawsuit on behalf of a class of individuals, despite only having knowledge of a few aggrieved individuals. As EEOC proposes to do here, it used the discovery process as a fishing expedition that kept adding more and more aggrieved persons (270 at one point). *Id.*, at *9. As discovery progressed, the court realized what EEOC was doing and declared its "litigation strategy was untenable: CRST faced a continuously moving target of allegedly aggrieved persons, the risk of never-ending discovery and indefinite continuance of trial." *Id.*, at *9. And, after ruling on the individual merits for 150 of these individuals and allowing 67 of the claims to proceed, *Id.*, at *11, the court determined that the EEOC had conducted no investigation before filing suit and had "wholly abandoned its statutory duties" for the 67 remaining class members. *Id.*, at *16. Refusing to ratify this "sue first, ask questions later" litigation strategy that would severely burden courts and defendants, the court took the "severe but appropriate remedy" of dismissing the claims

### E. EEOC Has Not Identified A Viable Qualification Standard.

As pointed out in UPS's response brief (Docket #62, pp. 4-8), *regular attendance at work without missing multiple months is an essential job function - not a qualification standard*. *EEOC never responds to this point* because there is nothing it can say and no legal authority to support its contention that the 12-month policy was a "retention standard." Instead, EEOC simply argues in conclusory fashion - with no legal support - that UPS's 12-month policy is a *de facto* health standard akin to a 100% healed policy in that it separates employees who are unable to return after missing 12 months of work.[4]

EEOC entirely ignores, however, that only qualified individuals with a disability can bring such a claim. In *Powers v. USF Holland, Inc.*, 2011 WL 6287918 (7th Cir. Dec. 15, 2011), the plaintiff alleged that the employer violated the ADA by enforcing a 100% healed policy that refused reasonable accommodations to employees seeking to return from injuries and sickness. *Id.*, at *3. The Seventh Circuit held that any claim under the ADA - even a claim that the 100% healed policy was a *per se* violation of the ADA - required proof that the plaintiff was a qualified individual with a disability. *Id.*, at *4. Consequently, an employee excluded by a 100% healed policy has no claim under the ADA unless he is a qualified individual with a disability: "a 100% healed policy merely shows that *this* employer's preference is to hire someone without any

---

of the 67 due to the EEOC's failure to investigate and conciliate their claims and awarding the defendant $4.2 million in attorneys' fees. *Id.*, at *19; *EEOC v. CRST Van Expedited, Inc.*, 2010 WL 520564 (N.D. Iowa Feb. 9, 2010); *see also EEOC v. Cintas Corp.*, 2011 WL 3359622 (E.D. Mich. Aug.. 4, 2011) (court awarded $2.6 million in fees and costs to punish the same "reckless sue first, ask questions later strategy" where EEOC did not identify potential class members during its investigation but waited until after filing suit to attempt to do so through discovery).

[4] EEOC argues the 12-month policy is akin to a 100% healed policy because (EEOC claims) it does not allow for additional time off as a reasonable accommodation to individuals who have missed 12 months of work. As EEOC sees it, the first 12 months off of work should be ignored, since the policy applies to all employees, regardless of disability, and cannot count as a reasonable accommodation. This argument ignores, however, well-established Seventh Circuit precedent that courts must look at all absences in making a qualified individual with a disability determination and additional time off is never a reasonable accommodation for someone who has already missed months of work. As this is yet another retread argument by the EEOC, UPS will cite to a previous response, which includes citations to the Seventh Circuit authority on the issue. *See* (Docket #35, pp. 3-6).

impairments. Under the ADA that would not be a violation unless the individual is actually disabled." *Id.*, at *8. *See also* (UPS's Response brief, Docket #62, pp. 9-11, citing to cases holding that section 12112(b)(6) only covers qualified individuals with a disability).

As EEOC has not identified a viable qualification standard to challenge under 42 U.S.C. §12112(b)(6) and has failed to meet its minimum pleading requirements for the proposed class claim, its qualification standard claim under section 12112(b)(6) would not survive a motion to dismiss and is futile. As such, leave to amend should be denied.

## CONCLUSION

Nothing in EEOC's Second Amended Complaint cures the defects in its class claim that have twice resulted in the dismissal of this claim. As such, the Court's summary of these defects in its prior order is equally applicable here:

> In sum, the Court concludes that the EEOC has not alleged adequate factual information in its complaint with respect to the unidentified class members as it has not pleaded with adequate specificity facts establishing the plausibility of a claim that each class member is a qualified individual under the ADA who could have performed his or her job with or without a reasonable accommodation. Without additional detail, the EEOC's allegations do not raise a right to relief above the speculative level.

(September 28, 2011 Order, p. 10). Nor has EEOC identified a viable qualification standard to challenge under 42 U.S.C. §12112(b)(6). Consequently, EEOC's motion for leave to file its Second Amended Complaint should be denied due to the futility of the claims, EEOC's failure to cure the defects in prior pleading despite several attempts and EEOC's undue delay in waiting more than two years to allege a new theory of the case.

        Respectfully submitted,

        UNITED PARCEL SERVICE, INC.


        By: /s/ Gary R. Clark
            One of Its Attorneys


John A. Klages, ARDC #06196781
Gary R. Clark, ARDC #06271092
Ellen Girard Georgiadis, ARDC #06276507
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL   60654
(312) 715-5000
(312) 715-5155 (fax)
john.klages@quarles.com
gary.clark@quarles.com
ellen.georgiadis@quarles.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **Sur-reply in Opposition to EEOC's Motion for Leave to File Second Amended Complaint** was filed electronically using the Court's CM/ECF system on January 3, 2012. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the e-mail addresses indicated below. Parties may access this filing through the Court's system:

    John C. Hendrickson
    Diane I. Smason
    Jeanne B. Szromba
    Equal Employment Opportunity Commission
    500 W. Madison St., Suite 2000
    Chicago, IL 60661
    John.hendrickson@eeoc.gov
    Diane.smason@eeoc.gov
    Jeanne.szromba@eeoc.gov

    David Hemenway
    Law Office of David Hemenway, P.C.
    300 S. Wacker Drive, Ste. 1700B
    Chicago, Illinois 60606
    employmentlaw@mac.com

                                                                 s/Gary R. Clark
                                                                   Gary R. Clark