IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | No. 09 C 5291 |
| TRUDI MOMSEN, | ) ) | Judge Robert M. Dow, Jr. |
| Plaintiff-Intervenor | ) ) | Magistrate Judge Schenkier |
| v. | ) ) | |
| UNITED PARCEL SERVICE, INC., | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF EEOC'S MOTION FOR 1292(b) CERTIFICATION

EEOC brought suit against Defendant United Parcel Service ("UPS") to challenge UPS's inflexible policy of automatically terminating employees following twelve months of leave without considering whether a reasonable accommodation as envisioned by the Americans with Disabilities Act ("ADA") would permit a qualified individual with a disability to return to work. On September 28, 2011, this Court dismissed EEOC's claim for relief for unidentified qualified individuals with a disability, becoming *the first court in the nation* to hold that under Fed. R. Civ. P. 8, the EEOC cannot state a plausible claim for relief for unidentified victims in an ADA action even where EEOC alleges a common policy violation and facts showing that the policy affected some identified qualified individuals with disabilities. EEOC then moved for leave to file a Second Amended Complaint, adding a claim under Section 102(b)(6) of the ADA, and alleging that UPS's leave policy constitutes an impermissible qualification standard. On July 3, 2012, the Court dismissed this claim as well.

Because whether the EEOC can challenge the application of a *common policy* under the ADA without identifying all of the victims in its Complaint is a controlling legal question of first

impression, and because immediate resolution of this question will speed litigation by avoiding duplicative discovery and two trials if this Court's decision is reversed, EEOC respectfully requests that this Court certify, pursuant to 28 U.S.C. §1292(b), the following question:

> Whether Fed. R. Civ. P. 8 requires the EEOC, when seeking relief on behalf of unidentified qualified individuals with a disability, to plead facts specific to each individual demonstrating that each such individual is a qualified individual with a disability.

## FACTUAL BACKGROUND

EEOC filed suit in this action in August 2009. After this Court ruled on an initial motion to dismiss by UPS, EEOC filed its First Amended Complaint on September 30, 2010. In that Complaint, EEOC alleged that:

> 8. Since at least 2002, UPS has maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of qualified individuals with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A). . .

EEOC described in detail the effect of this policy on two victims, Trudi Momsen and Mavis Luvert. (The adequacy of EEOC's pleading with regard to these claimants is not at issue.) EEOC then described a class of additional victims affected by the same policy on whose behalf EEOC is seeking relief:

> 27. Similar to Momsen and Luvert, each class member is a qualified individual with a disability who could perform the essential functions of his or her job with or without a reasonable accommodation. Because disabilities, and the reasonable accommodations appropriate for particular individuals with disabilities, may vary significantly, the reasonable accommodations which UPS should have made available to class members to permit them to perform the essential functions of their jobs (with or without a reasonable accommodation), would not have all been the same. The reasonable accommodations would have varied from class member to class member on an individual basis, as determined through an interactive process between UPS and the individual class members. However, rather than engage in that interactive process and reasonably accommodate these class members, without undue hardship to itself, UPS terminated the class members' employment, pursuant to its policy described in paragraph 8.

This Court refused to allow EEOC to proceed with EEOC's claims for relief on behalf of

these claimants, saying:

> [T]he EEOC has not alleged adequate factual information in its complaint with respect to the unidentified class members as it has not pleaded with adequate specificity facts establishing the plausibility of a claim that each class member is a qualified individual under the ADA who could have performed his or her job with or without a reasonable accommodation. Without additional detail, the EEOC's allegations do not "raise a right to relief above the speculative level." *Concentra Health Servs., Inc.*, 496 F.3d at 777. The Court therefore grants UPS's motion to dismiss the claims with respect to unidentified class members . . .

9/28/11 Op. at 10.

EEOC then filed its Second Amended Complaint, adding a claim under 102(b)(6) of the ADA, but not alleging any additional facts with regard to unidentified class members. The Court dismissed this Complaint, stating, "Because Section 102(b)(6) only protects qualified individuals with disabilities, the EEOC needed to plead with adequate specificity facts supporting its contention that the unidentified class members meet this requirement." 7/3/12 Op. at 5. EEOC now seeks certification for interlocutory review of this decision as to EEOC's claim on behalf of unidentified victims.

## LEGAL ARGUMENT

This case is a federal government challenge to UPS's nationwide inflexible application of its leave policy to qualified individuals with disabilities. The EEOC is the only plaintiff, and the policy challenge is the only claim. EEOC's Complaint describes the Company's inflexible leave policy; names two victims of the policy and their disabilities; and details the failure of UPS to reasonably accommodate them and its decision to terminate them under the policy. UPS does not dispute the existence of this policy, or that it applied to more than two employees. These admissions, taken together with the allegations in the Complaint, make it "plausible" – the standard which all pleadings must satisfy -- that when UPS applied this policy nationwide, it illegally discriminated against other disabled individuals as well, and that therefore EEOC is

3

entitled to relief. The success or failure of EEOC's case will turn on EEOC's ability to prove that the two named claimants were subject to a *common practice* by UPS of failing to accommodate qualified individuals with a disability who were on the Company's twelve-month leave policy. The number of individuals who may be entitled to relief if the EEOC proves its claim is a separate question, and multiple claimants are not equivalent to multiple claims.

## I. The 1292(b) Standard

According to the Seventh Circuit, "There are four statutory criteria for the grant of a section 1292(b) petition: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of University of Illinois,* 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "It is the duty of the district court ... to allow an immediate appeal to be taken when the statutory criteria are met[.]" *Id.,* at 677. Each of the statutory criteria is easily met here.

## II. The Sufficiency of EEOC's Complaint as to Unidentified Victims of the Same Policy is a Controlling Question of Law

There should be little doubt that the sufficiency of EEOC's Complaint as to unidentified class members is both a question of law and that it is controlling, the first two *Ahrenholz* factors. The Seventh Circuit has granted an interlocutory request for review of whether a complaint states a claim for relief, post-*Twombly*. In the case *In re Text Messaging Antitrust Litigation,* 630 F.3d 622 (7th Cir. 2010), which considered the sufficiency of a complaint in a price-fixing action, the Seventh Circuit analyzed in detail whether a determination as to the sufficiency of a complaint is a "question of law," explaining that "the question presented by the appeal is the sufficiency of the allegations of a complaint; and, most important, that question requires the interpretation, and not merely the application of a legal standard – that of *Twombly*." *Id.* at 625. "Pleading standards in federal litigation are in ferment after *Twombly* and *Iqbal*," the Court said, "and

4

therefore an appeal seeking a clarifying decision that might head off protracted litigation is within the scope of section 1292(b)." *Id.* at 627. This case, which requires that a court apply the pleading standards as articulated in recent Supreme Court precedent in a new context, an ADA action brought by the EEOC on behalf of identified and unidentified victims of the same policy, likewise presents the Court with a question of law.

The Seventh Circuit in *In re Text Messaging* also recognized that a district court's determination of the sufficiency of a complaint may be controlling because it can put an end to the litigation. 630 F.3d at 624, 627; *see also Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) ("A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation . . ."). Indeed, this Court's decision in this case did put an end to a very significant element of EEOC's case – the ability to seek relief for all but two of the potential victims of a challenged policy. If the sufficiency of the Complaint is not resolved on interlocutory appeal and the case goes forward based only on the two identified claimants, final appeal may require a reversal and remand for further proceedings. The litigation may therefore be "unnecessarily protracted." *Ahrenholz*, 219 F.3d at 675. Accordingly, like in *In re Text Messaging*, the sufficiency of EEOC's Complaint as to unidentified victims presents this Court with a controlling question of law and thus satisfies the first two *Ahrenholz* factors.

### III. The Sufficiency of EEOC's Complaint as to Unidentified Victims of the Same Policy is Contestable

"A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *United States v. Moglia*, No. 02 C 6131, 2004 WL 1254128 (N.D. Ill. June 7, 2004); *see also In re:*

*Kmart Corp. v. Uniden America Corp.*, No. 04 C 4978, 2004 WL 2222265 at * 2 (N.D. Ill. Oct. 1, 2004) (same).

The sufficiency of EEOC's Complaint as to unidentified victims of the same policy satisfies this standard for two reasons: First, there is a substantial likelihood that these rulings will be reversed on appeal because this Court improperly required EEOC to satisfy a pleading standard higher than "giving enough details about the subject matter of the case to present a story that holds together," which is the governing post-*Iqbal* standard in discrimination cases in the Seventh Circuit. *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010).

Second, the Court's refusal to allow the EEOC even to proceed with discovery conflicts with established case law regarding the nature of a claim brought by the EEOC: EEOC is a federal law enforcement agency that does not stand in the shoes of the individual employees on whose behalf the EEOC has brought suit. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297-98 (2002). While EEOC's claims (like those of all plaintiffs) must satisfy Fed. R. Civ. P. 8, requiring EEOC to identify each affected class member at the time that the agency files suit ignores that "EEOC has independent standing to sue in its own name, and its authority to seek victim-specific remedies for private individuals is not derivative of the rights of those individuals." *EEOC v. 5042 Holdings Ltd.*, No. 3:09-CV-61, 2010 WL 148085, *1 (N.D. W. Va., Jan. 11, 2010) (post-*Iqbal* decision denying Defendant's Rule 12(e) Motion for a More Definite Statement of Claims, which sought to require EEOC to identify all sex harassment class members). Under Fed. R. Civ. P. 8, a court must consider only whether EEOC has provided adequate notice of EEOC's claim – not whether EEOC has sufficiently described each affected claimant.

### 1. This Court's Decision Is Contestable Because It Conflicts With Developing Law Regarding the Pleading Standards Post-*Iqbal*

This Court has interpreted recent pleading decisions by the Supreme Court to require something new under Fed. R. Civ. P. 8 – that in an ADA case brought by the EEOC, the EEOC must allege "with adequate specificity facts establishing the plausibility of a claim that <u>each class member</u> is a qualified individual under the ADA who could have performed his or her job with or without a reasonable accommodation." 9/28/11 Op. at 10 (emphasis added). The Court has refused to allow the EEOC to rely on a common policy and the experiences of two identified qualified individuals with a disability to support the claim that other employees who were also qualified individuals with a disability were affected in the same way. 9/28/11 Op. at 6-7. This Court's decision is therefore contestable because the Court has erected a pleading barrier that goes beyond that of Fed. R. Civ. P. 8 as construed by the Supreme Court in recent case law on the pleading rules.

Describing the pleading standard under Fed. R. Civ. P. 8, the Supreme Court has said that it is the pleader's responsibility "to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The Seventh Circuit subsequently explained that to state a claim for relief "the plaintiff must give enough details about the subject matter of the case to present a story that holds together." *See Swanson*, 614 F.3d at 404. The Seventh Circuit reaffirmed that Fed. R. Civ. P. 8 requires *only* a "short and plain statement of the claim showing that the pleader is entitled to relief" and emphasized that "none of the recent decisions cast doubt on the validity of Rule 8." *Id.* at 403-04. Notice pleading is still all that is required. *Tomayo v. Blagojevich*, 526 F.3d 1074,

1083 (7th Cir. 2007). "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* "Pursuant to Rule 8, pleading is meant to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010) (internal quotations and citations omitted); *see also Homeyer v. Stanley Tulchin Assoc., Inc.*, 91 F.3d 959, 962 (7th Cir. 1996) (holding that "disability" under the ADA is "a fact-based inquiry and [the] determination is not generally motion to dismiss territory").

Relatively few ADA cases discuss the pleading standard post-*Twombly* and *Iqbal*. There are certainly no post-*Twombly-Iqbal* cases that require an ADA plaintiff alleging a common violation to state a *prima facie* case for each class member in order to survive a motion to dismiss.[1] Even without individually naming each victim, however, the allegations of EEOC's Complaint state a plausible claim that UPS violated the ADA with regard to unidentified qualified individuals with disabilities:

- EEOC alleged that UPS maintained a policy of affording employees on leave only an inflexible twelve-month leave and failing to further accommodate qualified individuals with disabilities, and that this policy operated to screen out qualified individuals with disabilities.

- EEOC then identified two individual employees who were terminated pursuant to the leave policy and described in detail their disabilities and how they might have been

---

[1] There are, however, non-ADA, post-*Twombly-Iqbal* cases where courts have addressed this issue in EEOC class cases, resulting in less than clear direction for litigants. *See, e.g., EEOC v. Bass Pro Outdoor World, LLC*, No. 4:11-cv-03425, 2012 WL 1965685 (S.D. Tex. May 31, 2012) (holding that EEOC's complaint failed to state a plausible claim that defendant had engaged in a nationwide pattern or practice of discrimination in failing to hire Hispanic and African-American individuals to salaried and hourly positions, but allowing claim relating to managers, where EEOC alleged only disparate racial make-up of defendant's management pool); *EEOC v. PBM Graphics, Inc.*, No. 1:11-cv-805, 2012 WL 2513512 (M.D.N.C. June 28, 2012) (distinguishing *Bass Pro* and holding that EEOC complaint was not deficient for failing to identify the numerous alleged victims of national origin discrimination); *5042 Holdings*, 2010 WL at *1 (denying defendant's request that EEOC identify all sex harassment victims in its complaint).

8

accommodated.

- EEOC also indicated that the agency would seek relief only for other qualified individuals with a disability who were terminated pursuant to the application of the same policy during a specified period of time.

This creates a plausible basis for establishing that other employees on leave who are qualified individuals with a disability were similarly affected *by the Company's application of the same policy*. Nothing in the plausibility standard requires that EEOC identify each victim by name or specifically describe his or her disability and failure to be accommodated.

While EEOC does not yet know the identities of all of the disabled employees who were affected by UPS's leave policy, EEOC has identified a specific policy that was applied in violation of the ADA and the universe of those employees who were affected by the policy: all those qualified individuals with disabilities who were fired by UPS after taking 52 weeks of medical leave during the relevant time period. EEOC's Complaint thus puts UPS on notice of EEOC's claim.

EEOC has therefore given "enough details about the subject matter of the case to present a story that holds together." *Swanson*, 614 F.3d at 404. Certainly, there is a sufficient basis to conclude that this Court's novel application of the pleading standard to dismiss EEOC's claim as to unidentified claimants is contestable.

    2.    The Court's Decision Is Contestable Because It Conflicts With Established Law Regarding the Nature of EEOC's Claim

This Court's decision is also contestable because it conflicts with established law recognizing that EEOC is a federal law enforcement agency that does not stand in the shoes of the individual employees on whose behalf EEOC has brought suit: EEOC's *claim* is not the same as that of EEOC's *claimants*. *Id.* at 295-297; *General Telephone Co. of Northwest, Inc. v. EEOC*, 446 U.S. 318, 326 (1980). In numerous circumstances, courts have recognized that

9

EEOC's claim differs from that of the agency's claimants. *See, e.g., Waffle House*, 534 U.S. at 296 (EEOC can proceed with litigation though the victim is precluded from doing so by a binding mandatory arbitration agreement); *EEOC v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 598 (7th Cir. 2009) (EEOC can continue an investigation over the objection of the charging party); *EEOC v. Sidley Austin LLP*, 437 F.3d 695, 696 (7th Cir. 2006) (EEOC can seek monetary relief for victims even if they are barred from bringing their own suit because they failed to file timely an administrative charge); *EEOC v. DHL Express, Inc.*, No. 10 C 6139, 2011 WL 1326941, at *6 (N.D. Ill. April 7, 2011) (EEOC can seek monetary relief for employees who signed a waiver or release agreement); *EEOC v. Continental Airlines Inc.*, No. 04 C 3055, 2006 WL 3505485, at *1 (N.D. Ill. Dec. 4, 2006) (EEOC can also seek victim-specific monetary relief at trial despite a victim's private settlement with the employer).

EEOC's goals in bringing litigation differ from the goals of private litigants, who generally seek only compensation. Although the EEOC seeks various remedies in its enforcement actions, such as monetary and other victim-specific relief, it does so in the public interest and does not serve as a proxy for private individuals. *See, e.g., Waffle House*, 534 U.S. at 295-96 (Monetary relief is incidental to the EEOC's goal of eradicating discrimination). For this reason, EEOC possesses broad statutory authority to expand the scope of its litigation to encompass classes/groups of victims and claims not identified in the administrative charge precipitating the EEOC's lawsuit, and the EEOC may do so <u>without</u> satisfying Rule 23 class certification requirements. *See, e.g. General Telephone*, 446 U.S. at 324-25.

In *In re Bemis*, 279 F.3d 419, 422 (7th Cir. 2002), the Seventh Circuit rejected the employer's argument that the individualized nature of harassment claims, particularly after the inclusion of emotional and punitive damages, made the EEOC's claim too varied and disparate

10

for treatment as one claim. The court explained, "[T]he EEOC's primary role is that of a law enforcement agency and it is merely a detail that it pays over any monetary relief obtained to the victims of the defendant's violation rather than pocketing the money itself and putting them to the bother of suing separately."

EEOC's unique position in employment litigation does not excuse the agency from following the pleading requirements of Rule 8; rather, it informs the kind of claim EEOC brings. This Court's apparent concern about the highly individualized nature of claims and defenses inherent in ADA litigation is misplaced because the Court has misunderstood the nature of EEOC's claim. EEOC has alleged a *single claim* in this case: namely, that UPS's 12-month leave policy violates the ADA as inflexibly applied to qualified individuals with a disability.

Case law regarding the pleading requirements for claims brought by the EEOC under the other federal employment discrimination statutes is instructive: Courts considering EEOC's ability to pursue relief for unnamed harassment victims on a motion to dismiss have not required EEOC to identify and provide supporting facts for each such victim in the agency's complaint. In *5042 Holdings Ltd.*, which was decided after *Iqbal*, the court denied an employer's Fed. R. Civ. P. 12 (e) Motion for More Definite Statement and held that naming each EEOC class member in the complaint is not required by Rule 8. *See* 2010 WL 148085, at *2. "Discovery under the Federal Rules of Civil Procedure is a sufficient procedure for disclosure of identities of EEOC class members in [this sex harassment class] case." *Id.* (emphasis added); *EEOC v. Nichols Gas & Oil, Inc.*, No. 05-CV-6482 CJS, 2006 WL 692345, *1, *2 (W.D.N.Y. Mar. 13, 2006) (same); *PBM Graphics*, No. 1:11-cv-805, 2012 WL 2513512 (M.D.N.C. June 28, 2012).

This Court rejected reliance on cases brought by the EEOC under statutes other than the ADA for the reason that the ADA uniquely contains an express statutory requirement that an

employee must be "qualified" to be entitled to its protections. Thus, the Court concludes that the ADA uniquely requires at the pleading stage the identification of each victim. However, harassment cases in fact provide an apt analogy: in a harassment case, as an element of the *prima facie* case, each victim must individually demonstrate that he or she endured subjectively offensive severe or pervasive conduct. *See, e.g., Lapka v. Chertoff*, 517 F.3d 974, 982 (7th Cir. 2008). Therefore, harassment cases – like ADA cases – arguably require individualized proof to establish harm, yet courts that have reviewed EEOC complaints in class harassment cases have *not* required EEOC to identify each class member.

Further, each of the federal employment discrimination statutes has been judicially interpreted to require that an employee making a failure to hire claim demonstrate that he or she is qualified for the position at issue. But courts have not required EEOC to identify individually in the pleadings each victim of the discriminatory hiring process in a class failure to hire case. *See EEOC v. Propak Logistics,* No. 1:09cv311, 2010 WL 3081339 (W.D.N.C. Aug. 6, 2010) (post-*Iqbal* national origin failure to hire case) (holding that EEOC's allegations that defendant has a pattern or practice of discriminatory hiring by "predominantly hiring Hispanic applicants to fill vacant available positions to the exclusion of similarly or more qualified non-Hispanic applicants" was sufficient to survive a motion to dismiss and imposing no requirement that EEOC identify all victims); *EEOC v. Scrub,* No. 09 C 4428, 2009 WL 3458530 (N.D. Ill. Oct. 26, 2009), *2 (post-*Iqbal* race failure to hire case) (holding that EEOC's allegations that defendant engaged in a pattern or practice of failing to recruit or hire African-Americans because of their race and national origin was sufficient to survive a motion to dismiss and imposing no requirement that EEOC identify all victims); *EEOC v. Man Mar, Inc.,* 09-60761-CIV, 2009 WL 3462217, *1,*2 & n. 1 (S.D.Fla., Oct. 22, 2009) (post-*Iqbal* ADEA case) (holding that defendant

should seek EEOC class member identities in discovery rather than through Rule 12(e) motion).[2]

Rather than considering whether each individual claimant could state a claim for relief without alleging specific facts as to each person, as this Court did here, the appropriate question is whether the EEOC pled sufficient facts regarding the *policy violation* and the scope of the affected employees to "present a story that holds together." In the context of an EEOC action, the identification of the policy and of the universe of affected employees provides sufficient notice to the employer of the EEOC's claim. The weight of judicial authority that recognizes the EEOC's unique enforcement role supports the conclusion that EEOC is not required to identify each victim of an employer's unlawful application of a policy in order to challenge that policy.

## IV. Resolution of the Sufficiency of EEOC's Complaint as to Unidentified Victims of the Same Policy Now Would Speed Litigation

Immediate appellate review of the decision in this case will speed litigation by ensuring that the parties do not go through discovery regarding the class members and the policy twice – first in the context of discovery related to the Charging Party and the identified class member and then again if the District Court's decision is subsequently overturned on appeal.

Further, immediate appellate review will also provide critical guidance on the required content of EEOC's pleadings in ADA cases and ensure that agency and judicial resources are used efficiently throughout this Circuit. Requiring EEOC to identify in the agency's complaint each alleged victim of a common ADA policy violation is a dramatic departure from established

---

[2] EEOC's claim of a policy violation here is also akin to an FLSA collective action, which has been permitted to go forward post-*Iqbal* without the identification of each individual class member. *See Perrin v. Papa John's Intern, Inc.*, No. 4:09CV01335AGF, 2011 WL 846148, *5 (E.D.Mo. March 8, 2011) (holding that it was not necessary for the plaintiff to individually identify other delivery drivers with similar experiences to the plaintiff) ("[T]he Court does not find it implausible that the putative plaintiffs could have had similar experiences to Plaintiff. Plaintiff has alleged that they were all employed as delivery drivers with Defendant and they were all subject to similar driving conditions, incurred similar automobile expenses, and experienced similar delivery distances and frequencies" and were subject to the same reimbursement policy that the plaintiff was challenging.)

practice. So long as this Court's decision stands, it will impact the agency's use of its resources during the investigative process: Instead of using only resources necessary to identify the policy violation, informing the respondent of that finding, and then attempting to conciliate (as is presently done with EEOC class cases), EEOC will be forced to invest enormous amounts of agency time and resources in a "scorched earth" investigation identifying each victim (potentially hundreds), before even attempting to resolve the claim. EEOC will have to invest those resources (as would companies responding to EEOC requests) even in situations where the Commission ultimately concludes that there is no violation or where the parties would be able to settle their dispute short of litigation. EEOC will also be compelled to seek court intervention (via subpoena enforcement) in every case investigation in which a respondent refuses to comply with an EEOC request for data sufficient to identify all victims of a potential ADA policy violation.

Moreover, by creating an onerous pleading burden, which would require a detailed administrative investigation of every potential victim of a common policy violation, this Court's decision effectively involves courts in the review of the agency's administrative determinations, which runs counter to Seventh Circuit law. *See EEOC v. Caterpillar*, 409 F.3d 831, 833 (7th Cir. 2005) (holding that the EEOC's reasonable cause findings are not subject to judicial review). Accordingly, immediate appellate review is necessary to avoid significant changes in agency practice that will in turn affect both employers and the courts.

## CONCLUSION

Because of the critical importance of this Court's decision that EEOC cannot proceed on behalf of unidentified ADA victims in a case in which EEOC seeks relief on behalf of a class of qualified individuals with a disability who were all terminated pursuant to the Company's twelve-month leave policy, and because this decision satisfies the standards of 28 U.S.C. 1292(b), EEOC respectfully requests that this Court certify for review its September 28, 2011 and July 3, 2012 decisions to dismiss EEOC's claim for relief on behalf of unidentified victims.

Respectfully submitted,

Dated: July 20, 2012

_____
John C. Hendrickson
Regional Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661

_____
Gregory Gochanour
Supervisory Trial Attorney

_____
Deborah Hamilton
Trial Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Jeanne B. Szromba
Trial Attorney

## CERTIFICATE OF SERVICE

Diane I. Smason, an attorney, hereby certifies that she caused a copy of the foregoing Plaintiff EEOC's Motion for 1292(b) certification, to be served via the court's electronic filing system, to counsel of record at the following address:

John A. Klages
Gary R. Clark
Ellen M. Girard
Quarles & Brady, LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60054
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com

For Plaintiff-Intervenor Momsen
David Hemenway
Law Office of David A. Hemenway, P.C.
300 S. Wacker Dr., Ste. 1700B
Chicago IL, 60606
employmentlaw@mac.com

Dated: July 20, 2012                          /s/ Diane I. Smason
                                              Diane I. Smason