# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5291 | **DATE** | 6/11/2013 |
| **CASE TITLE** | EEOC vs. United Parcel Service, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies Defendant's motion to certify a question for interlocutory appeal [86]. The Court will today enter an expedited referral of this matter to Magistrate Judge Schenkier for supervision of all discovery matters as well as a settlement conference should the parties so request at any time as the case further unfolds.

■[ For further details see text below.]                    Docketing to mail notices.

---

## STATEMENT

After the Court on January 11, 2013 issued an opinion and order reconsidering several previous orders and granting Plaintiff EEOC leave to file a second amended complaint [83], Defendant United Parcel Service moved to certify for appeal under 28 U.S.C. § 1292(b) the following question:

> If an employee has been unable to work for several months, Seventh Circuit Precedent dictates the employee is not a qualified individual with a disability subject to the protections of the ADA. Here, can EEOC satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by simply alleging ADA claims on behalf of unknown individuals without any details or facts, when each proposed individual for whom EEOC seeks relief was unable to work for 12 months at the time of separation?

[86] at 2. [FN 1]  Having reviewed the parties' briefs and the applicable law concerning interlocutory appeals, the Court respectfully denies the motion.

> [FN 1] In its reply brief [91], Defendant proposes a slightly different variation of its question: "If an employee has been unable to work for several months, Seventh Circuit precedent dictates the employee is not a qualified individual with a disability subject to the protections of the ADA. Accordingly, can EEOC satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), by simply alleging ADA claims on behalf of unknowing individuals without any details or facts, when each proposed individual form whom EEOC seeks relief was absent from work for 12 months at the time of separation?" [91] at 10-11. The Court is not fully satisfied with either question, nor with Plaintiff's suggested alternative, see [90] at 8, but any qualms about the particular framing of a question for interlocutory appeal pose no bar to certification, for the Court may simply certify an issue and the Court of Appeals may itself decide (1) whether it wishes to take up the issue absent a final judgment and (2) how to frame the question that it wishes to answer. See 28 U.S.C. § 1292(b); *United Airlines,*

## STATEMENT

*Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 609 (7th Cir. 2000); *Edwardsville Nat'l Bank & Trust Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987).

"Interlocutory appeals are frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012); *cf. Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (noting that from "the beginning of 1999" through mid-2000, the Seventh Circuit "received 31 petitions for interlocutory appeal under 28 U.S.C. § 1292(b) and * * * granted only six of them"). Before this Court may certify an issue or question under 28 U.S.C. § 1292(b), the proponent of certification must demonstrate that four statutory criteria and one non-statutory criterion are satisfied. "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation," and "the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz*, 219 F.3d at 675. Here, the Court is satisfied that first three statutory factors are satisfied, as is the non-statutory one. The challenged order addressing the adequacy under Federal Rule of Civil Procedure 8 of Plaintiff's Americans with Disabilities Act claims on behalf of unidentified individuals, see *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996), presents a question of law, see *In re Text Messaging Litig.*, 630 F.3d 622, 626 (7th Cir. 2010), that is controlling, see *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996), and, as the Court's own rulings demonstrate, is certainly contestable. While the Court remains confident of the correctness of its January 11 ruling – indeed, it would not have reconsidered on its own motion the prior rulings had that not been the case – the fact that the same judge has viewed the question to be close enough to warrant reconsideration is testimony to both the difficulty and the contestability of the issue. In addition, the motion was brought within a reasonable time after the ruling that it challenges and follows on the heels of Plaintiff's prior request for certification of a prior ruling that went the other way on the same issue. See [72].

The difficult issue in regard to the instant motion is whether certification of the January 11 order will "materially advance the ultimate termination" of this litigation. "[N]either the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court." *Sterk*, 672 F.3d at 536. What is required is that an immediate appeal expedite rather than protract the resolution of the case. See *id.* After a district court has ruled that the plaintiff's claim has narrowly survived a vigorous challenge to the adequacy of the allegations under *Twombly* and *Iqbal* (and their progeny), the case stands at a crossroads. The district court may either certify the pleading question for immediate appeal or it may move the parties ahead with discovery in an effort to narrow the factual and legal issues for disposition at summary judgment or through trial or settlement. See *In re Text Messaging Antitrust Litig.*, No. 08-cv-07082, Dkt. 215 (N.D. Ill. Oct. 25, 2010).

Here, the first path – certification – necessarily entails some delay as the Court of Appeals first determines whether it wishes to hear the case at the present time and second resolves the issue presented if it is so inclined. This Court has not located any statistics on the typical time lag between the entry of a certification order in the district court and the issuance of an order by the Court of Appeals either accepting or rejecting the matter for immediate appeal. Generally, though, in 2012 the median time lapse from the filing of a notice of appeal to the final disposition of a case was 10.3 months. See Gino Agnello, REPORT ON THE BUSINESS OF THE FEDERAL COURTS OF THE SEVENTH CIRCUIT FOR THE TWELVE MONTH PERIOD FROM JANUARY 1, 2012 TO DECEMBER 31, 2012, tbl. 9 (2013), available at http://www.ca7.uscourts.gov/rpt/2012_report.pdf. If this case progresses along a similar trajectory, nearly a year will elapse before it can move forward. And even then, if the Court of Appeals were to find Plaintiff EEOC's current pleadings wanting, it seems unlikely that either the Court of Appeals or this Court would dismiss the case without providing EEOC another opportunity to cure whatever the deficiencies in light of the Court of Appeals' guidance.

## STATEMENT

The second path – immediate further litigation at the trial court level – would entail discovery in an effort to present for early evaluation (and possibly adjudication) of some threshold issues that the parties already have touched on in their pleadings and during in-court hearings. Defendant UPS has raised a valid concern about the expense and scope of discovery. Plaintiff EEOC has responded that once UPS produces documents on the potential universe of claimants, EEOC itself will undertake the lion's share of the legwork in determining which UPS employees may fall within the scope of this litigation. The Court previously has suggested that focused and limited discovery closely supervised by Magistrate Judge Schenkier would serve to materially advance the ultimate termination of the litigation by (1) enabling the parties and the Court to determine the number of claimants and (2) identifying overarching common legal issues that may be resolved through early motions for summary judgment. See [83] at 12.

After careful consideration of the alternative paths outlined above, and mindful of the Seventh Circuit's guidance and the related admonition that "[i]nterlocutory review 'should not be used merely to provide review of difficult rulings in hard cases,'" *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (quoting *McCann v. Commcn's Design Corp.*, 775 F. Supp. 1506, 1534 (D. Conn. 1991)), the Court concludes that further litigation in the district court, augmented as appropriate with expedited briefing on potentially dispositive issues, would serve the interests of justice and efficiency better than certifying a question or an issue for interlocutory appeal.

The Court therefore denies the motion for interlocutory appeal [86] and will today enter an expedited referral of this matter to Magistrate Judge Schenkier for supervision of all discovery matters as well as a settlement conference should the parties so request at any time as the case further unfolds.