IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-plaintiff, | ) ) ) ) | No. 09 CV 5291 |
| v. | ) ) | Judge Robert Dow, Jr. |
| UNITED PARCEL SERVICE, INC., | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

**UPS' MOTION TO DISMISS §12112(b)(6)
CLAIM IN SECOND AMENDED COMPLAINT**

Defendant United Parcel Service, Inc. ("UPS") moves this Court to dismiss Plaintiff Equal Employment Opportunity Commission's ("EEOC") 42 U.S.C. §12112(b)(6) claim in the Second Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because the ability to regularly attend work and not miss multiple months is an essential job function and not a qualification standard, employment test or other selection criteria. In support of this motion, UPS states as follows:

1. EEOC alleges UPS violated the American with Disabilities Act when it administratively separated Trudi Momsen ("Momsen"), Mavis Luvert ("Luvert"), and a class of unidentified individuals pursuant to its 12-month policy. The Second Amended Complaint alleges these administrative separations violated the ADA's provisions on reasonable accommodation (42 U.S.C. §12112(b)(5)) and qualification standards (§12112(b)(6)). (Docket #59, Ex. A).

2. The Court's July 3, 2012 Order denying EEOC leave to file its Second Amended Complaint found it unnecessary to decide whether UPS' 12-month policy could be challenged under the ADA's qualification standard provision because it dismissed the class claims on

QB\19464394.1

another basis. (Docket #71, FN 4). Now that the Court has reversed itself on that dismissal, UPS renews its motion to dismiss the section 12112(b)(6) claim because the ability to regularly attend work and avoid missing multiple months of work is an essential job function and not a qualification standard, employment test or other selection criteria.

3. Under EEOC's own guidance, "qualification standards" are defined as personal or professional attributes that help predict or measure whether an applicant can perform an essential job function. Accordingly, qualification standards challenged under 42 U.S.C. § 12112(b)(6) are typically tests, examinations or objective requirements measuring physical acumen that help predict whether the applicant can perform the essential job functions for the position in question.

4. Conversely, Seventh Circuit precedent confirms that the ability to regularly attend work and not miss multiple months is an essential function of all but the most unusual of jobs.

5. As such, the 42 U.S.C. §12112(b)(6) claim in EEOC's Second Amended Complaint fails to identify a qualification standard that can be challenged under this provision and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

6. UPS submits herewith its memorandum of law in support of the motion.

WHEREFORE, UPS requests that this Court dismiss the 42 U.S.C. §12112(b)(6) claim in EEOC's Second Amended Complaint pursuant to Fed.R.Civ.P. Rule 12(b)(6).

        Respectfully submitted,

        UNITED PARCEL SERVICE, INC.


        By: /s/ Gary R. Clark
            One of Its Attorneys


John A. Klages, ARDC #06196781
Gary R. Clark, ARDC #06271092
Ellen M. Girard, ARDC #06276507
Quarles & Brady LLP
300 North LaSalle Street, Suite 4000
Chicago, IL   60654
(312) 715-5000
(312) 715-5155 (fax)
john.klages@quarles.com
gary.clark@quarles.com
ellen.girard@quarles.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the foregoing **UPS's Motion to Dismiss Section 12112(b)(6) Claim in Second Amended Complaint** was filed electronically using the Court's CM/ECF system on February 1, 2013. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system at the e-mail addresses indicated below. Parties may access this filing through the Court's system:

        John C. Hendrickson
        Diane I. Samson
        Jeanne B. Szromba
        Equal Employment Opportunity Commission
        500 W. Madison St., Suite 2000
        Chicago, IL 60661
        john.hendrickson@eeoc.gov
        diane.smason@eeoc.gov
        jeanne.szromba@eeoc.gov

        David Hemenway
        Law Office of David Hemenway, P.C.
        300 S. Wacker Drive, Ste. 1700B
        Chicago, Illinois 60606
        employmentlaw@mac.com

                                      /s/Gary R. Clark