IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-plaintiff, | ) ) ) ) | No. 09 CV 5291 |
| v. | ) ) | Judge Sarah Ellis |
| UNITED PARCEL SERVICE, INC., Defendant. | ) ) | Magistrate Judge Schenkier |

### EEOC'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS, INSTANTER

This case was transferred before Judge Dow had an opportunity to issue a ruling on Defendant UPS's Motion to Dismiss. Therefore, EEOC wanted this Court to have some additional background information which was not in the briefing before it issues an opinion and/or order. As such, EEOC respectfully requests leave to file a response to Defendant's Motion to Dismiss, instanter.

### BACKGROUND

EEOC alleges that UPS has maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of employees with disabilities and which instead provides for termination of their employment, in violation of Section 12112(b)(5) of the Americans with Disabilities Act ("ADA"). In its Second Amended Complaint, EEOC added the allegation that UPS's inflexible 12-month leave policy imposes a job retention standard, under Section 12112(b)(6) of the ADA, that screened out an individual with a disability and that was not job-related or consistent with business necessity in violation of the ADA.

EEOC's Second Amended Complaint did not add new facts about any particular unidentified victim. EEOC alleges that, because UPS's application of its leave policy acts as a health requirement (effectively, a 100% healed requirement for employees who have been on leave) that

limits the ability of qualified individuals with a disability to return to work, it acts as just such a "qualification standard" prohibited by Section 12112(b)(6).

Moreover, the facts that support EEOC's Section 12112(b)(6) claim are exactly the same as the facts that support EEOC's Section 12112(b)(5) claim in the original Complaint and First Amended Complaint. EEOC's reliance on Section 12112(b)(6) is intended to clarify that in this action EEOC seeks relief only for qualified individuals with a disability who will be identified via discovery and who were victims of a common violation: termination by UPS pursuant to its inflexible application of the same blanket 12-month leave policy.

On July 3, 2012, the Court denied EEOC's motion for leave to amend. *See* Docket Nos. 70 & 71. On January 11, 2013, the Court reversed its previous Order resulting in the reinstatement of EEOC's class claims and granting EEOC leave to file its Second Amended Complaint. *See* Docket Nos. 82 & 83. UPS then filed a motion for interlocutory appeal on February 1, 2013, as well as a Motion to Dismiss the EEOC's claim under Section 12112(b)(6). *See* Docket Nos. 86 & 87. On June 11, 2013, the Court denied UPS's motion for interlocutory appeal, but did not explicitly rule on Defendant's Motion to Dismiss EEOC's Section 12112(b)(6) claim. During a hearing on February 7, 2013, the EEOC, UPS, and the Court agreed that no further briefing was required for the Motion to Dismiss. *See* Docket No. 91, Ex. A. On August 29, 2013, per the Court's request, UPS re-filed its Motion to Dismiss EEOC's claim under Section 12112(b)(6) of the ADA. *See* Docket No. 97.

## **ARGUMENT**

The fact that Judge Dow did not deny UPS's Motion to Dismiss EEOC's Section 12112(b)(6) claim before this case was transferred is a mere formality, as he had already granted EEOC leave to include the claim. At the last hearing held before Judge Dow, on February 13, 2013, the Court and the parties discussed the standard for granting leave to amend a complaint is substantively the same as the standard for surviving a motion to dismiss, and agreed that additional

briefing on the matter was therefore unnecessary. *See* Docket No. 91, Ex. A, p. 14. Moreover, the parties had already spent several years briefing the sufficiency of EEOC's complaints, as Judge Dow was well aware. The Court then took the matter under advisement, but did not issue an Order on the matter before the case was transferred.

Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Leave to amend a complaint should be denied only if there has been undue delay, dilatory motive on part of the plaintiff, repeated failure to cure previous deficiencies, undue prejudice, or when the amendment would be futile, such as when a proposed amended complaint would still fail to survive a motion to dismiss. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d. 222 (1962)); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible[, unless] it is clear that any amendment would be futile*"); Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009).

It is the law of the case that EEOC's Section 12112(b)(6) claim is not futile because the Court would not have granted EEOC leave to file the Second Amended Complaint if it was futile. The Judge explained:

> The Court previously denied EEOC's request for leave to file an amended complaint on the basis of futility. Since the Court has reconsidered its decision as to the adequacy of EEOC's claims, it must also reconsider whether EEOC is entitled to amend its complaint to clarify its allegations and assert the additional Section [12112 (b)(6)] claim.
>
> The Court concludes that EEOC should be granted leave to file its second amended complaint.

*See* Docket No. 83, p. 13. The Court would not have granted EEOC leave to file the Second Amended Complaint only to later grant UPS's Motion to Dismiss the additional claim. If the Court thought the additional claim was futile, it would have simply denied EEOC's motion and reinstated

3

the First Amended Complaint. The Court did not do this. Instead, the Court decided that EEOC's claim under Section 12112(b)(6) is not futile and granted EEOC leave to file the Second Amended Complaint. In effect, the Court has already ruled that the claim is sufficiently plead to survive a motion to dismiss.

Wherefore, EEOC respectfully requests that UPS's motion to dismiss EEOC's Section 12112(b)(6) claim be denied.

Respectfully submitted,

/s/ Aaron DeCamp

Aaron DeCamp
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, IL 60661
T: 312.869.8106
aaron.decamp@eeoc.gov