IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, Plaintiff, and TRUDI )
MOMSEN, Intervenor-plaintiff, ) No.: 1:09-cv-05291
)
v. ) Judge Sara J. Ellis
)
UNITED PARCEL SERVICE, INC., ) Magistrate Judge Schenkier
)
Defendant. )

## HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to the individuals identified on the list attached as Exhibit A to this Order as well as any additional individuals EEOC identifies subsequent to this Order as someone on whose behalf EEOC is seeking relief in this action, to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to the individuals identified in Exhibit A to attorneys representing EEOC and UPS in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing the protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the Parties, their respective attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information pertaining to the individuals identified in Exhibit A, except that counsel are not required to secure the return or destruction of protected health information submitted to the court. The Equal Employment Opportunity Commission is authorized to keep such Confidential Information longer to the extent authorized or required by law, including the Federal Records Act and regulations issued by the National Archives and Records Administration. 44 U.S.C. Chapter 33, but, consistent with

this Order is not permitted to use the protected health information for any purpose other than this litigation.

7. This Order does not control or limit the use of protected health information pertaining to the individuals identified in Exhibit A that come into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for EEOC or UPS to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize any party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file protected health information under seal.

Dated: 06-16-14         ENTERED

_____
Sidney I. Schenkier
Magistrate Judge