### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, and TRUDI MOMSEN, Intervenor-Plaintiff | ) ) ) | Case No. 1:09-cv-05291 |
| | ) | Judge Sara L. Ellis |
| v. | ) ) | |
| UNITED PARCEL SERVICE, INC., | ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

1.    Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action alleging Defendant United Parcel Service, Inc., an Ohio corporation ("UPS"), violated the Americans with Disabilities Act of 1990 ("ADA") by:

    (a)    Maintaining an inflexible 12-month leave policy which does not provide for reasonable accommodation of qualified individuals with disabilities and which instead provides for termination of their employment, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A); and (b)(5)(A); and

    (b)    Maintaining an inflexible 12-month leave policy which provides that employees will be "administratively separated from employment" (as stated in its policy) after twelve months of leave and which acts as a qualification standard, employment test or other selection criteria that screens out or tends to screen out a class of individuals with a disability and is not job-related or consistent with business necessity, in violation of

Sections 102(a) and 102(b)(3)(A) and (b)(6), 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A); and (b)(6).

2.    In addition to Plaintiff-Intervenor Trudi Momsen and Charging Party Mavis Luvert, EEOC has identified approximately 70 additional claimants. These additional claimants are identified in Exhibit 1 ("Claimants"). In the interest of resolving this matter and, as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereinafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action.

3.    Nothing in this Decree constitutes an admission by any party as to the claims and/or defenses of any other party.

4.    This Decree shall apply to all of Defendant's facilities nationwide.

## FINDINGS

5.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

(a)    This Court has jurisdiction of the subject matter of this action and of the parties.

(b)    The terms of this Decree are adequate, fair, reasonable, equitable and just. The rights of the parties, Mavis Luvert, the Claimants, and the public interest are adequately protected by this Decree.

(c)    This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree

will further the objectives of the ADA, and will be in the best interests of the parties, Mavis

Luvert, the Claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST DISABILITY DISCRIMINATION

6.      Defendant, its officers, agents, employees, successors, assigns, and all persons

acting in concert with it are hereby enjoined from discriminating on the basis of disability against

non-union employees on a medical leave of absence, including those on residual duty/disability,

who have requested an accommodation and, to the extent provided an ADA packet by UPS, have

returned the packet and not failed to cooperate or otherwise engage in the interactive process.

The prohibition against disability discrimination for this group of employees shall include not

providing reasonable accommodation(s) to qualified individuals with disabilities desiring to

return to work from a medical leave of absence, including those on residual duty/disability,

consistent with the requirements of the ADA and any defenses afforded by the same.

## INJUNCTION AGAINST RETALIATION

7.      Defendant, its officers, agents, employees, successors, assigns, and all persons

acting in concert with it shall not engage in any form of retaliation against any non-union

employee who falls within the scope of the injunction in Paragraph 6 because that person has

opposed any practice as unlawful under the ADA, requested reasonable accommodation under

the ADA, or filed a Charge of Discrimination under the ADA.  Defendant, its officers, agents,

employees, successors, assigns, and all persons acting in concert with it shall also not engage in

any form of retaliation against any employee who testified or participated in any manner in an

investigation, proceeding, or hearing under the ADA related to a medical leave of absence,

including residual duty/disability, an employee's request for reasonable accommodation under the ADA, or an assertion of rights under this Decree.

## **MONETARY RELIEF**

8.    UPS agrees to pay the following:

(a)    $ 47,250.00 to Charging Party Mavis Luvert, minus her share of any federal, state and local withholdings, within 30 days of receipt by UPS of a signed Release in the form of Exhibit 2.

(b)    (b)    $ 100,000.00 to Plaintiff-Intervenor Trudi Momsen pursuant to Paragraph 33.

(c)    The gross aggregate sum of $1,571,250.00 to Claimants, as described below. Defendant shall be responsible for issuing checks to the Claimants for the gross amounts specified in Exhibit 1, minus the employee's share of any federal, state and local withholdings, conditioned on that individual returning a signed Release, attached as Exhibit 2, to EEOC by the deadline identified in Paragraph 10(d).

9.    EEOC will provide Defendant with the social security number and address for every Claimant upon the entry of this Decree.  Within thirty (30) days of Defendant's receipt of all the signed releases tendered by EEOC pursuant to Paragraph 10(d), Defendant shall mail the checks to the Claimants returning said releases at the addresses provided by EEOC. The monetary awards to Luvert and the Claimants shall be allocated 100 percent to back pay and reported on a W-2. Luvert and the Claimants shall bear full responsibility for any tax implications resulting from the receipt of the monetary award. Defendant shall also bear responsibility for issuing the appropriate tax reporting documents for the payments.

10.    EEOC was the sole determiner of the amount of monetary relief to be received by Momsen, Luvert and the Claimants under this Decree and has specified the amount of relief awarded to each.  Defendant has not participated in, and will not object to, EEOC's determination.

    (a)    **Factors Bearing on Allocation of Monetary Relief.** EEOC determined the amount of each monetary award in its sole discretion based on the following factors: the extent of the physical or mental impairment that caused the individual to be substantially limited in a major life activity at the time of termination; the ability to work in any position during and subsequent to his or her disability leave of absence, with or without a reasonable accommodation; whether UPS offered the opportunity to return to work in a position that was consistent with the individual's ability to perform a job, with or without an accommodation, during or subsequent to his or her medical leave of absence; work subsequent to termination by UPS; charging party status; the time or effort devoted to the litigation; full- or part-time employment at UPS; emotional distress suffered; and damages incurred.

    (b)    **Claims of Deceased Persons.** Claims may be paid on behalf of deceased persons through representatives of their estate or next of kin if appropriate documentation (e.g., letters testamentary or the equivalent) is provided to both EEOC and Defendant. Any claims paid on behalf of deceased persons shall be made payable to the deceased person's estate.

(c) **Notice and Release of Claims.** EEOC shall notify Luvert and each Claimant of the amount of his/her monetary award and provide the appropriate Release attached as Exhibit 2. EEOC shall send such notice and release via U.S. First Class Mail within seven (7) days of the Court entering this Decree.

(d) **Release of Claims** Luvert and the Claimants will be notified that in order to receive monetary payments under this Decree, they must execute and deliver the Release to EEOC. The letter will inform them that the Release must be signed and mailed to the EEOC so that they are actually received by EEOC within forty-five (45) days of the mailing of the notification. Any individual whose executed Release is not actually received by the EEOC within forty-five (45) days of its mailing shall be ineligible for, and forever barred from, receiving any relief under this Decree. EEOC shall provide all original signed Releases to Defendant within seven (7) days of the forty-five (45) day deadline.

11. To the extent a Claimant, other than Luvert, Jose Rodriguez or Toni Caronia (who filed EEOC charges), fails to return a signed Release by the 45-day deadline or cash the settlement check within 180 days of mailing, the settlement monetary funds allocated for that Claimant shall become part of a *cy pres* fund to be distributed to Hope for the Warriors.

### POSTING OF NOTICE

12. Within twenty-one (21) calendar days after entry of this Decree, Defendant shall post the Notice attached as Exhibit 3 to this Decree electronically on its internal website "UPSers.com." Defendant will post an article accessible to all non-union employees that

discusses UPS's ADA process and, under the heading "Related Links," will have a direct link to the Notice. For no fewer than two (2) weeks after the initial posting of the Notice, UPS shall pin the article and Notice to the "Company News" section of "UPSers.com." The article will be keyword-searchable based on the following terms: EEOC; ADA lawsuit; disability accommodation; 12 month leave policy; return to work; and medical leave. The article and its link to the Notice shall remain posted for three (3) years from the date of entry of this Decree.

13.     Defendant shall certify to EEOC in writing within twenty-one (21) calendar days after entry of this Decree that the Notice has been properly posted. Defendant shall permit a representative of EEOC access to the article and Notice posted on "UPSers.com" via Skype for Business or similar technology for purposes of verifying compliance with this Paragraph.

## ADA POLICY

14.     Within thirty (30) days of the entry of this Consent Decree, UPS will certify to EEOC that its policies prohibiting discrimination on the basis of disability and providing reasonable accommodations collectively include, at a minimum, the following:

(a)     An explicit statement that UPS will provide reasonable accommodations to qualified individuals with disabilities, so that they can perform the essential functions of their jobs or other jobs for which they are qualified;

(b)     Instructions on how to request a reasonable accommodation, the identification of the persons responsible for administering the process, and examples of reasonable accommodations that are available to employees;

(c)     A statement directing operations supervisors and managers who learn of an employee's request or need for an accommodation from any source to refer the matter to the local occupational health personnel, local human

resources personnel or the persons who are responsible for administering

the ADA accommodation process for UPS;

(d)     An interactive process that includes consideration of all possible

reasonable accommodations, including asking the employee whether he or

she is interested in an accommodation that involves working at a different

UPS facility;

(e)     Considering each employee request for accommodation on an individual

basis when determining whether the employee can perform the essential

job functions for the position in question (or another position), with or

without reasonable accommodation;

(f)     Ensuring that a policy prohibiting discrimination on the basis of disability

and providing reasonable accommodations is distributed and/or made

accessible to all employees;

(g)     A statement directing human resources to seek legal advice before

terminating the employment of an employee who has reached the end of

the medical leave of absence or residual duty/disability period; and

(h)     A statement that UPS will not retaliate against any employee who makes a

request for an accommodation.

## RECORDKEEPING

15.     For a period of three (3) years following entry of this Decree, Defendant shall

maintain a record of its attempt(s) to accommodate all non-union employees on a medical leave

of absence, including residual duty/disability, who make a request for accommodation pursuant

to UPS's ADA policy. Such records shall include the following, if applicable:

(a)     Each employee's name, address, and phone number;

(b)     Date when leave began;

(c)     Job held by the employee prior to taking medical leave;

(d)     Job duties and/or essential job functions for the job the employee held immediately prior to taking a medical leave;

(e)     Accommodations requested;

(f)     Identity of the primary employees who handled the accommodation and/or termination process for the employee;

(g)     All accommodation checklist forms in the form attached as Exhibit 4;

(h)     Any documents created during any meetings between UPS and the employee as part of the accommodation process;

(i)     Records of attempts to accommodate the employee in his/her current position or to obtain a new position for the employee, either at the same or a different facility;

(j)     All positions discussed with the employee during the accommodation process and/or investigated by HR as possible accommodations;

(k)     Medical documentation received by UPS as part of the accommodation process;

(l)     correspondence relating to the employee(s)' injury or illness, or to the accommodation process, between UPS and the employee, and between UPS employees responsible for the reasonable accommodation process and any third-party administrators, with the limitation that UPS may dispose of such correspondence after 12 months, unless EEOC notifies

UPS that it has an inquiry about a particular individual, in which case UPS will maintain the existing correspondence for that individual until the issue is resolved;

(m)    records of attempts by the UPS employees responsible for the reasonable accommodation process to contact the employee regarding the accommodation process.

(n)    Nothing in this decree changes or alters UPS's recordkeeping obligations under any applicable laws.

16.    If an employee did not respond to UPS's inquiries regarding possible reasonable accommodation(s):

(a)    Street and/or email address(es) to which letters were sent;

(b)    Date(s) and method(s) of attempts to reach the employee.

17.    Defendant shall make all documents referred to in Paragraphs 15 and 16, above available for inspection and copying within a reasonable period of time after the EEOC requests. For purposes of clarity, a reasonable period of time for producing such documents will depend on the number of files or items requested and the associated burden of production.

## REPORTING

18.    UPS shall be responsible for furnishing to EEOC written reports semi-annually for a period of three (3) years following entry of this Decree. The first report shall be due October 2, 2017 and the reporting shall continue every six (6) months thereafter, though the final report shall be submitted sixty (60) days prior to the date set for termination of the Decree at the time that it is finally entered. Each report shall contain all of the records maintained under Paragraphs 15 and 16 above, with the exception of the documents described in Paragraph 15 (h) -

(n). Each report will also contain the current status of the accommodation process for the employee. Each report will also confirm that the training identified in Paragraph 21 took place, and that the notice described in Paragraph 12 is still accessible to employees. Defendant shall provide the documents described in Paragraph 15 (h) - (m) for specific individuals identified in the report upon EEOC's request within a reasonable period of time for producing such items.

19.     After submitting each report, UPS shall designate an employee who will travel to Chicago to meet with EEOC (or by mutual agreement, meet by telephone or video conference) at a mutually agreeable date and time for the purpose of answering any questions EEOC may have regarding the information in the report. To the extent the employee is unable to answer a question regarding a specific leave, accommodation or termination reported, UPS shall research the necessary information and report back to EEOC within twenty-one (21) calendar days.

20.     To the extent UPS is unable to answer EEOC's questions to EEOC's satisfaction regarding a particular leave, accommodation or termination, even after the 21 day research period, EEOC shall be permitted to speak to any UPS supervisor or manager who was materially involved in the specific leave, accommodation, or termination decision. Any such discussions shall be prearranged with UPS for a mutually agreeable time and date and attended by UPS's attorneys. EEOC shall also be permitted to meet with any aggrieved employees about their claims without UPS attorneys being present. If the aggrieved employee is a supervisor or manager, however, EEOC will limit its discussion with the employee to his or her individual claim.

## TRAINING

21.     During the three (3) years covered by this Decree, all human resources employees at the level of supervisor or higher and all occupational health supervisors shall twice be

provided training that will assist them in identifying ADA issues, understanding the duty to accommodate employees under the ADA, understanding Defendant's procedures for providing accommodations to employees on a medical leave of absence, including residual duty/disability, and examples of accommodations available in Defendant's facilities. The training may be web-based and must identify by name, email and telephone number an individual(s) at UPS who can answer any questions. The first training shall take place within 180 days of entry of this Decree. The second training shall take place eighteen (18) months after the first training.

22.     Defendant shall obtain the EEOC's prior approval of UPS's proposed training material and trainer(s). EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the proposed training or trainer. EEOC shall not unreasonably withhold approval of any training or trainer proposed by UPS. If the parties cannot agree on the training or trainer, they may seek to resolve the dispute pursuant to Paragraph 24.

## DISPUTE RESOLUTION

23.     In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall so notify the alleged non-complying party in writing and afford the alleged non-complying party twenty-one (21) calendar days (the "Voluntary Compliance Period") to remedy the non-compliance or satisfy the complaining party that it has complied. If the alleged non-complying party fails to do so, the matter may be referred to mediation to be paid for by UPS. If, after 60 calendar days from the expiration of the Voluntary Compliance Period, the complaining party determines, in its sole discretion, that mediation has failed to resolve the dispute, the complaining party may apply to the Court for appropriate relief.

24.     If EEOC learns of any UPS employee(s) who requested an accommodation but was not put through UPS's accommodation process, EEOC shall provide UPS with notice of the same, so that UPS can follow its accommodation policy with regard to such employee(s). Under no circumstances shall any such omission alone serve as a basis for a contempt petition by EEOC, provided UPS commences to put the employee(s) through the accommodation process within 14 days of receiving notice from EEOC.

### DURATION AND RETENTION OF JURISDICTION

25.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any disputes under Paragraph 23, above, remain unresolved, the Court will retain jurisdiction over such disputes until such time as they have been resolved. EEOC may petition the Court to release Defendant from the obligations of this Decree after two (2) years if EEOC determines, in its sole discretion, that Defendant's level of compliance warrants such early release.

26.     In resolving any dispute with regard to Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority.

27.     Nothing in this decree purports to interpret, or relies upon any particular interpretation of, any portion of Defendant's collective bargaining agreement with the International Brotherhood of Teamsters. Nor shall any such interpretation be the basis for a contempt action under this decree.

## MISCELLANEOUS PROVISIONS

28.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

29.     If any provision(s) of the Decree is found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

30.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath and penalty of perjury by an officer or management employee of Defendant to the best of such officer's or management employee's knowledge, information, and belief.

31.     When this Decree requires notifications, reports, and communications to the Parties, they shall be made in writing and hand-delivered, mailed, e-mailed, or faxed to the following persons:     EEOC, Attn:  UPS Settlement (for EEOC) and Gary Clark (for UPS).

32.     If UPS uses a third-party administrator for its short- and/or long-term disability policies, UPS shall notify such third-party administrators that any employee request for an accommodation of which it becomes aware must be forwarded to UPS.

33.     Plaintiff-Intervenor Trudi Momsen signed a separate private settlement agreement and release for which the amounts paid to Ms. Momsen pursuant to this Decree served as consideration for the release of her claims and covenants contained therein.  Any payment to Ms. Momsen is conditioned upon entry of the Consent Decree, consistent with her private agreement.

14

The private settlement agreement and release were negotiated between Ms. Momsen and her counsel and UPS and its counsel. EEOC was not involved in those negotiations. Any payment to Ms. Momsen will be allocated 50% to emotional distress damages and 50% to backpay. The emotional distress damage portion will be reported on a Form 1099 and the backpay portion will be reported on a W-2.

34.     Each party agrees to pay its own attorneys' fees and costs.

Agreed to in form and content:

**FOR PLAINTIFF**
**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

GREGORY GOCHANOUR
Regional Attorney

DIANE SMASON
Supervisory Trial Attorney

JEANNE SZROMBA
Trial Attorney

BRAD FIORITO
Trial Attorney

LAURA FELDMAN
Trial Attorney

Equal Employment Opportunity Commission
500 W. Madison St., Suite 2000
Chicago, IL 60661

Date: 7/28/17

The Honorable Sara L. Ellis

**FOR DEFENDANT UNITED PARCEL**
**SERVICE, INC.**

Gary R. Clark
Attorney for United Parcel Service, Inc.

Date: 7/28/17

8/8/17

# EXHIBIT 1

Filed Under Seal

# EXHIBIT 2

## RELEASE AGREEMENT

I, _____, in consideration for $_____ paid to me by United Parcel Service, Inc.

("UPS"), in connection with the resolution of EEOC v. United Parcel Service, Inc., Case No 09

CV 5291 (N.D. Ill.), waive and release my right to recover for any claims of disability

discrimination arising under the Americans with Disabilities Act that I have against United

Parcel Service, Inc., as of the date I am signing this release, that were included in EEOC's

complaint in EEOC v. United Parcel Service, Inc., Case No 09 CV 5291 (N.D. Ill.).

Date: _____          Signature: _____

# EXHIBIT 3

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. United Parcel Service, Inc.,* Case No 09 CV 5291 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against United Parcel Service, Inc. ("UPS").

In its suit, the EEOC alleged that UPS violated the Americans with Disabilities Act ("ADA") by maintaining an inflexible 12-month medical leave policy which does not provide for reasonable accommodation of qualified individuals with disabilities and which instead provides for the termination of their employment at the end of the one-year leave period. UPS filed an answer denying these allegations.

To resolve the case, UPS and the EEOC have entered into a Consent Decree that provides, among other things, that:

1) UPS will make payments totaling $1,718,500.00 to a group of aggrieved former employees;

2) UPS will ensure it is complying with the ADA, including providing reasonable accommodations to non-union employees who are qualified individuals with disabilities on a medical leave of absence (or on residual duty) when UPS has received a request for accommodation from the employee and the employee has not failed to cooperate or engage in the interactive process;

3) UPS will not discriminate against any non-union employee who is a qualified individual with a disability desiring to return to work from a medical leave of absence (or from residual duty) for whom UPS received a request for accommodation pursuant to UPS's policy where the employee has not failed to cooperate or engage in the interactive process;

4) UPS will not retaliate against non-union employees on a medical leave of absence (or on residual duty) for whom it received a request for accommodation pursuant to UPS's policy where the employee has not failed to cooperate or engage in the interactive process; and

5) UPS will provide training on the ADA to all of its human resources and occupational health employees at the full-time supervisor level and above.

If you are an employee with a disability and need an accommodation to work at UPS, you may contact the HR Service Center at 1-855-877-4772 to learn more about how to commence UPS's accommodation process.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8009. The EEOC charges no fees and has employees who speak languages other than English. Go to www.eeoc.gov/employees/howtofile.cfm for more information or to file a charge.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted on UPS's internal website for 3 years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: The UPS ADA Leave Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.

Date: 8/8/17

The Honorable Judge Sara Ellis

# EXHIBIT 4



## ACCOMMODATION CHECKLIST (Non-Union)
### (Revised effective 06/15/2017)

Name: _____

EMPID #: _____

Date of Meeting: _____

Completed By: _____

Others in Attendance: _____

Region: _____

District: _____

Building: _____

**A.** **To Be Answered By The Employee:**

*In answering the following questions, you should refer to the essential job functions for your current position, a copy of which will be provided to you.*

1. What is your current job at UPS:

    _____

2. Identify all of the medical restrictions that you believe affect your ability to perform the essential functions of your current job and that led to your request for an accommodation:

    _____
    _____
    _____

3. Describe any accommodations that you believe would permit you to be able to perform the essential functions of your <u>current</u> job:

    _____
    _____
    _____

4. Identify any <u>other</u> jobs at UPS for which you believe you could perform the essential functions:

    _____
    _____
    _____

1

For each job identified above, please specify any accommodations that you believe would be necessary in order for you to perform the essential job functions of the position:

_____
_____
_____

5. Please describe any of the following attributes that you believe may assist UPS in assessing your qualifications for potential accommodations:

- Skills: _____
  _____
  _____

- Prior work experience: _____
  _____
  _____

- Training: _____
  _____
  _____

- Education: _____
  _____
  _____

6. How far are you willing to commute for any reassignment (e.g., within a 30-mile radius of your current work location or within a 45-minute drive from your home)?

_____

7. *Full-time employees only:* If transfer or reassignment to another position is explored as a reasonable accommodation and a full-time position cannot be identified, are you willing to consider transfer or reassignment into a part-time position?

_____

8. Are there any limitations on your ability to work particular shifts or hours of work? If so, please explain.

_____
_____

9. If transfer or reassignment is explored as a reasonable accommodation, are you willing to consider transfer or reassignment to another UPS facility? Which one(s)?

_____
_____

_____          _____
Employee Signature                                          Date

2

**B.** **To Be Answered By the Company**

*The Area Human Resources Manager, in consultation with the Occupational Health Supervisor, should complete this section following the Checklist Meeting.*

1. **Accommodations to Employee's Current Job**

With respect to each accommodation identified by the employee or by the company that involves modification of the employee's **current** job, please indicate in the applicable chart below whether the means exist to make the requested accommodation.

*Attach a copy of the essential functions list for the employee's current position.*

| EMPLOYEE PROPOSED ACCOMMODATIONS (In Current Job) | DO MEANS EXIST? (y/n) |
|---|---|
| 1. | |
| 2. | |
| 3. | |

| COMPANY IDENTIFIED ACCOMMODATIONS (In Current Job) | DO MEANS EXIST? (y/n) |
|---|---|
| 1. | |
| 2. | |
| 3. | |

3

2.    **Accommodations Involving Transfer or Reassignment**

With respect to each accommodation identified by the employee or by the company that involves a **transfer** or **reassignment to another job**, answer the following questions in the applicable chart below:

a.    Are there any current openings or does the company know that a vacancy will occur within a reasonable period of time (e.g., the next four weeks)?

b.    Does the employee possess the requisite education, skills and experience ("ESE") for the position?

c.    Is the employee capable of performing the essential job functions ("EJF") of this position with or without reasonable accommodation?

d.    If the answer to the first three questions is no, is there a current opening or anticipated vacancy at another facility where the employee can satisfy subparts (b) (ESE) and (c) (EJF)?

*Attach a copy of the essential functions list of each identified position.*

| | **EMPLOYEE PROPOSED ACCOMMODATIONS** (Transfer or Reassignment) | **AVAILABLE?** (y/n) | **ESE?** (y/n) | **EJF?*** (y/n) |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

*NOTE:  If you answered "no" in the EJF column, briefly describe which essential functions the employee may not be able to perform and explain why.

_____

_____

_____

_____

4

| | COMPANY IDENTIFIED ACCOMMODATIONS (Transfer or Reassignment) | AVAILABLE? (y/n) | ESE? (y/n) | EJF?* (y/n) |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

*NOTE: If you answered "no" in the EJF column, briefly describe which essential functions the employee may not be able to perform and explain why.

_____

_____

_____


_____Date Completed: _____

Signature

_NOTE: Be sure to memorialize the steps taken to search for an accommodation, preserve supporting documents, and send relevant documents and e-mails along with this completed form to the HRSC OHS to save in the case file._

5